PER CURIAM.
The state appeals two separate orders dismissing felony charges against appellee Ernest Yarborough. The cases have been consolidated for purposes of appeal.
In case number 88-02716 (circuit court case number 87-446) Yarborough was charged with burglary of a boat and petit theft. He moved to dismiss the charges pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), claiming that the state’s *18 principal witness was unable to identify him as the perpetrator of the offense. At the hearing on Yarborough’s motion the prosecutor orally traversed specific paragraphs of the motion and indicated that he knew of “additional evidence” sufficient to warrant bringing the case to trial. When the court inquired why no written, sworn traverse had been submitted the prosecutor indicated he had not been served with Yar-borough’s motion until the day of the hearing. The court granted the motion to dismiss.
In case number 88-02889 (circuit court case number 87-424) Yarborough was charged with burglary of a dwelling and petit theft. His motion to dismiss was predicated on grounds similar to those in the foregoing case, i.e., an alleged inability to identify Yarborough. This time the state filed its traverse in writing. However, after hearing argument the court determined that this traverse to count I of the information was not filed in good faith, and dismissed that count.
Dismissal of the charges in 88-02716, to the extent the trial court’s ruling appears to be based solely on the failure to submit a written traverse, was error. State v. Higgins, 437 So.2d 180 (Fla. 4th DCA 1983); State v. Cramer, 383 So.2d 254 (Fla. 2d DCA 1980). As to case number 88-02889, the state argues that denial of a (c)(4) motion is mandatory whenever a written traverse has been filed. See generally, State v. Lewis, 463 So.2d 561 (Fla. 2d DCA 1985). However, the trial court was correct in its belief that a traverse must be made in good faith. State v. Holliday, 431 So.2d 309 (Fla. 1st DCA 1983). We are not persuaded that the court's finding was error. The order of dismissal is therefore affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this ’ opinion.
SCHEB, A.C.J., and CAMPBELL and PATTERSON, JJ„ concur.