732 So.2d 1196 (1999)
Willie SPAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0623.
District Court of Appeal of Florida, Fourth District.
April 28, 1999.
Rehearing Denied June 8, 1999.
*1197 Robert C. Stone of Robert C. Stone, P.A., Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Willie Span, was tried by jury and convicted of trafficking in cocaine, possession of marijuana, and fleeing a police officer. Span challenges each of these three convictions. We affirm Span's conviction for fleeing a police officer. We reverse, however, Span's convictions for trafficking and possession, finding error in the trial court's denial of his motion for judgment of acquittal.
A motion for judgment of acquittal should be granted when the evidence presented by the State is legally insufficient to prove the crimes charged, and the State may not rely on evidence presented in the defense's case to supply the missing elements necessary to prove its case. See State v. Pennington, 534 So.2d 393, 394 (Fla.1988). In the instant case, both the trafficking and possession charges are premised upon Span's constructive possession of the contraband found at the Mayo Street residence.
To establish constructive possession of a controlled substance, the state must show that the accused had dominion and control over the contraband, that he must have knowledge that the contraband was within his presence, and he must have knowledge of the illicit nature of the contraband. [citations omitted]. If the premises on which the contraband is found is in joint, rather than exclusive, possession of a defendant, knowledge of the presence of the contraband on the premises and the accused's ability to *1198 maintain control over it will not be inferred, but must be established by independent proof. [citations omitted]. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband, or of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might lawfully infer knowledge by the accused of the presence of the contraband on the premises. [citations omitted]. Mere proximity to contraband is not sufficient to establish constructive possession. [citations omitted].
Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA)(en banc), review dismissed, 725 So.2d 1107 (Fla.1998).
Relying solely on the evidence presented by the State, the police were trying to set up a drug transaction with appellant. The tapes of the conversation played in the main case are mostly inaudible. In addition, there was no mention of what was being sold or the quantity. The officers staked out what they believed to be appellant's residence. At about 2 p.m. on the day of the transaction, appellant was seen entering the home. About seventeen minutes later he left. There was no evidence whether he had anything in his hand at that time. As he was proceeding in the general direction of the location mentioned in the tape, the officers attempted to stop him. Appellant then crashed into one of the vehicles and sped towards the home. When he arrived, the officers observed him leave the car and enter the residence carrying a beige plastic bag, which was described as similar to a Publix bag. Within seconds he exited the residence at which time the officers arrested him.
Drugs were discovered in the hallway of the home under a piece of furniture. The drug dog first discovered some marijuana in a ziploc baggie. Then, after a second sniff by the dog, the officers discovered cocaine wedged into the furniture. No fingerprints of appellant were found on any of the packaging, although one latent fingerprint on the plastic baggie proved not to be from appellant. In the northeast bedroom, police discovered mail addressed to Span, $7,800 in small bills, and ziploc baggies. Span's mother, sister, and his sister's children all lived in the residence. No drugs were found in the northeast bedroom, in Span's car, or on his person.
Under the standard of Dupree, we cannot conclude that the State made a prima facie case to prove constructive possession. This is a circumstantial evidence case governed by State v. Law, 559 So.2d 187, 188 (Fla.1989), and the State was required to present evidence inconsistent with appellant's theory of events. In the instant case, Span's theory was that the drugs did not belong to him. Nothing the State introduced is inconsistent with that claim. Span was never seen with any drugs. The taped conversations which supposedly reveal the arrangement of a drug deal are partially inaudible and do not reveal what he was intending to sell. The officers did not see Span leave his home with anything, but when he returned he entered the house carrying a grocery shopping bag. The drugs were found wedged into furniture in a common hallway with someone else's fingerprint on one of the containers. There is no mention of finding the grocery bag.
Accordingly, we reverse the trafficking and possession convictions and remand for resentencing solely on Span's conviction for fleeing a police officer.
AFFIRMED in part, REVERSED in part, and REMANDED.
GUNTHER, WARNER and STEVENSON, JJ., concur.