745 So.2d 1026 (1999)
STATE of Florida, Appellant,
v.
Ferris Michele PALEVEDA, Appellee.
No. 98-05003.
District Court of Appeal of Florida, Second District.
October 20, 1999.
*1027 Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellant.
Scott L. Robbins, Tampa, for Appellee.
PER CURIAM.
The State challenges an order which dismisses a cocaine possession charge against the appellee, Ferris Michele Paleveda. We reverse.
In February 1997, Paleveda was charged by information with possession of cocaine; driving while license suspended, canceled, or revoked; and unlawful use of a canceled license. Thereafter, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Paleveda filed a motion to dismiss the cocaine charge, alleging that there were no disputed material facts and that the undisputed facts failed to establish a prima facie case of her guilt. The facts set forth in the motion indicated that, on January 27, 1997, Paleveda was stopped by a law enforcement officer for a traffic infraction, while driving a vehicle that did not belong to her. After it was determined that she was driving with a suspended license and that there was an outstanding warrant for her arrest for failure to appear in a case, she was arrested. A search incident to her arrest revealed a bag containing cocaine between the center console of the vehicle and the driver's seat. According to the motion, Paleveda made no statements "regarding any knowledge or possession of any narcotics."
No traverse was filed by the State in response to the motion to dismiss. At the hearing on the motion, the trial court dismissed the cocaine charge, finding that there was no proof that Paleveda knew of the presence of the contraband in the vehicle she was driving and, thus, there was no proof of possession. The State has filed a timely notice of appeal, contending that the issue of whether there was sufficient evidence of Paleveda's knowledge of the contraband to convict her of possession was a question for a trier of fact and was not otherwise properly resolved on a motion to dismiss. Paleveda argues that the State's failure to file a traverse specifically denying the facts of her motion to dismiss as the only facts of the case was fatal to the cocaine charge against her.
Florida Rule of Criminal Procedure 3.190(d) provides only that the State "may" traverse a motion to dismiss; otherwise, factual matters asserted therein will be deemed admitted. Thus, the State's failure to file a traverse is not, in itself, fatal to a criminal charge, as the trial court must still consider the facts alleged in the motion to dismiss to determine whether a prima facie case has been established. See State v. Armstrong, 616 So.2d 510 (Fla. 4th DCA 1993); State v. Gale, 575 So.2d 760 (Fla. 4th DCA 1991); see also State v. Yarborough, 571 So.2d 17 (Fla. 2d DCA 1990); State v. Higgins, 437 So.2d 180 (Fla. 4th DCA 1983); State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981). If the facts alleged in the motion establish a prima facie case, the motion to dismiss must be denied. See State v. Blanco, 432 So.2d 633, 634 (Fla. 3d DCA 1983)(citing State v. Upton, 392 So.2d 1013, 1015 (Fla. 5th DCA 1981)).
When considering a defendant's rule 3.190(c)(4) motion to dismiss, all questions and inferences from the facts must be resolved in favor of the State. Boler v. State, 678 So.2d 319, 323 (Fla.1996); see also State v. Perry, 629 So.2d 309 (Fla. 2d DCA 1993); State v. Diaz, 627 So.2d 1314 (Fla. 2d DCA 1993); State v. Hart, 677 So.2d 385 (Fla. 4th DCA 1996). Even if the trial court doubts the sufficiency of the State's evidence, it cannot grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for a judgment of acquittal. See State v. Miller, 710 So.2d 686 (Fla. 2d *1028 DCA 1998). Furthermore, within the context of a motion to dismiss, it is not the function of a trial court to make factual determinations. Miller, 710 So.2d at 687. Since the element of knowledge in a possession case is a question of fact, that element is not a proper consideration on a motion to dismiss. See State v. St. Jean, 658 So.2d 1056 (Fla. 5th DCA 1995); State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989); S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985); see also State v. Savarino, 381 So.2d 734 (Fla. 2d DCA 1980); Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979).
The undisputed facts alleged in Paleveda's motion to dismiss show that, at the time of her arrest, Paleveda was driving and otherwise in the exclusive possession and control of an automobile in which cocaine was found next to the driver's seat. Knowledge of contraband found within an automobile or premises is generally inferred or presumed from one's exclusive possession thereof unless and until proven otherwise. See Parker v. State, 641 So.2d 483, 484 (Fla. 5th DCA 1994); see also Brown v. State, 428 So.2d 250 (Fla.1983); Loyd v. State, 677 So.2d 76 (Fla. 2d DCA 1996); Span v. State, 732 So.2d 1196 (Fla. 4th DCA 1999); Moffatt v. State, 583 So.2d 779 (Fla. 1st DCA 1991); State v. Farrugia, 419 So.2d 1118 (Fla. 1st DCA 1982); State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). Since the material facts alleged in Paleveda's motion are sufficient to establish a prima facie case of actual possession of cocaine, this cause is reversed and remanded for reinstatement of the possession charge.
Reversed and remanded.
PATTERSON, C.J., THREADGILL and GREEN, JJ., Concur.