819 So.2d 181 (2002)
STATE of Florida, Appellant,
v.
James D. BURRELL, Appellee.
No. 2D01-1112.
District Court of Appeal of Florida, Second District.
May 15, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Ha T. Dao, Assistant Attorney General, Tampa, for Appellant.
Peter D. Ringsmuth, Fort Myers, for Appellee.
NORTHCUTT, Judge.
The State complains that the circuit court should not have granted James Burrell's motion to dismiss the criminal charges against him. We agree and reverse with directions to reinstate the charges.
Following the theft of a backhoe from a construction site, the State charged Burrell with second-degree grand theft and possession of a vehicle with an altered or removed vehicle identification number. Burrell moved to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). When moving to dismiss under this rule, a defendant has the burden to allege that the material facts of the case are undisputed, describe what the material facts are, and demonstrate that the undisputed facts either (1) fail to establish a prima facie *182 case, or (2) establish a valid defense. State v. Reese, 774 So.2d 948 (Fla. 5th DCA 2001). Burrell's motion averred that the evidence against him was wholly circumstantial and that he had given investigating officers a detailed innocent explanation of his recent possession of the stolen backhoe. Therefore, he contended, the State's circumstantial evidence was insufficient to establish a prima facie case. He was mistaken.
It is true that a defendant may not be convicted solely upon circumstantial evidence unless the evidence is inconsistent with the defendant's reasonable hypothesis of innocence. This does not mean, however, that the evidence cannot establish a prima facie case sufficient to withstand a motion to dismiss. See State v. Kalogeropolous, 758 So.2d 110, 112 (Fla. 2000) (holding that to survive motion to dismiss State's facts need only "meet the minimal requirement of a prima facie case"); State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000) (reciting rule that court cannot grant motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal). Whether the State's circumstantial evidence excludes all reasonable hypotheses of innocence may only be decided at trial, after all of the evidence has been presented. Id.; State v. Bonebright, 742 So.2d 290, 291 (Fla. 1st DCA 1998).
Therefore, we reverse with directions to reinstate the charges against Burrell.
WHATLEY and GREEN, JJ., Concur.