835 So.2d 392 (2003)
Gralen A. BELL, a/k/a Gralin A. Bell, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4386.
District Court of Appeal of Florida, Second District.
January 31, 2003.
*393 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
Gralen Bell appeals an order withholding adjudication and imposing probation for tampering with physical evidence. We reverse because the undisputed facts do not establish a prima facie case; thus, the trial court erred in denying Bell's motion to dismiss the charge.
Bell filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), maintaining that the undisputed facts did not establish a prima facie case of tampering with physical evidence. The State filed a demurrer in which it admitted all of the material facts but disputed two minor facts which it considered inconsequential. Following the denial of his motion to dismiss, Bell entered a plea of no contest in exchange for the trial court withholding adjudication and imposing probation. Bell specifically reserved the right to appeal the denial of his motion to dismiss.
When the State does not file a traverse contesting the facts alleged in a motion to dismiss, the facts as alleged are deemed admitted. See State v. Jennings, 666 So.2d 131 (Fla.1995); Fla. R.Crim. P. 3.190(d). "The purpose of a motion to dismiss is to allow a pretrial determination of the law of the case when the facts are *394 not in dispute." State v. Pasko, 815 So.2d 680, 681 (Fla. 2d DCA 2002). In considering the motion, "the State is entitled to the most favorable construction of the evidence, and all inferences should be resolved against the defendant." Id. The standard of review for a trial court order regarding a motion to dismiss is de novo. Id.
Section 918.13, Florida Statutes (2000), states in pertinent part:
(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation[.]
Bell contends that the facts do not show that he altered, destroyed, concealed or removed any "thing." The undisputed facts were that Officer Weiss saw Bell and an unknown black male engage in a hand-to-hand transaction in the parking lot of an apartment building. Bell was in a car, and he exchanged currency for something in return from the black male. The officer saw the black male place something in his left front pocket. The surrounding circumstances indicated to Officer Weiss that he had seen a hand-to-hand drug transaction. The three officers who stopped Bell in his car moments later claimed that they saw visible cocaine residue on Bell's left hand. One of the officers field tested Bell's left hand with a tissue. Officer Estevez stated that the substance field tested positive for cocaine. The tissue paper was submitted to the Florida Department of Law Enforcement (FDLE), but the FDLE found no drug residue on the tissue.
In State v. Jennings, 666 So.2d 131 (Fla. 1995), the court reversed an order granting a motion to dismiss a tampering with physical evidence charge. There, however, law enforcement saw the defendant toss alleged cocaine rocks into his mouth and swallow them after the officer shouted "police." Here, the undisputed facts in the motion to dismiss and demurrer do not indicate that Bell altered, destroyed, concealed, or removed anything. At the hearing on the motion to dismiss, the State argued that the officer saw Bell put something towards his mouth. However, that allegation is not contained in the motion to dismiss.
Based on the facts presented in the motion and demurrer, we conclude that the State did not present a prima facie case of tampering with physical evidence. Thus, we reverse and remand with directions to dismiss the charge.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., concur.