ERVIN, J.,
dissenting.
The majority erroneously relies on the provisions of section 678.4051, Florida Statutes (2000), relating to the replacement of lost, destroyed, or wrongfully taken security certificates, to support its affirmance of the order dismissing the information. Section 678.4051 is, however, altogether irrelevant to a determination of whether the owner of a certificated security may be charged with violating the provisions of section 817.562, Florida Statutes (2000), under circumstances where, as here, he is accused of falsely disposing of a stock certificate after previously transferring his interest in same to a protected purchaser of the original certificate. Whether Smith, Hulsey and Bu-sey’s right to the issuance of stock, by reason of its possession of the original certificate, may be unaffected by the transfer of the replacement certificate to Moore[2] does not mean that he cannot be prosecuted for illegally disposing of the certificate under the terms of section 817.562.
As is clearly expressed in the first part of section 817.562(2)(b), a person may be prosecuted for fraudulently disposing of a security interest that is the subject of a security agreement if such person has “no right of sale or other disposition of the property.” (Emphasis added.) A disposition is defined as, among other things, “a transfer to the care or possession of another.” Merriam Webster’s Collegiate Dictionary 335 (10th ed.1998). Moore obviously had no right to dispose of the certificate, which he had previously placed in possession of Smith, Hulsey and Busey; yet he falsely reported that it was lost or stolen and later exchanged the replacement for separate certificates which he sold. In my judgment, such acts constitute a disposition that is prohibited by the statute.
In deciding to affirm the lower court’s order of dismissal, the majority is essentially construing the terms of section 817.562 in pari materia with those of sec *1221 tion 678.4051. Such a construction, however, is inapplicable “[ujnless [the] statutes have a common aim or purpose and scope, and relate to the same subject, object, thing or person.” Dep’t of Health & Rehab. Servs. v. McTigue, 387 So.2d 454, 456 (Fla. 1st DCA 1980). The two statutes clearly serve different purposes, and the provisions of 817.562 should be enforced solely in accordance with their terms without reference to section 678.4051.
The latter statute, placed under part IV of chapter 678 of the Uniform Commercial Code (UCC), relating to the registration of investment securities, was enacted for the purpose of changing the law as it had previously existed, which had rendered ineffective the redemptions of original certificates following the issuance of replacement certificates, except as to the right of a purchaser for value without notice to bring an action for damages. § 678.4051, Fla. Stat. Ann., UCC Comment 2 (West 2003). By reason of the revision, the corporation is now required to honor both the original and new certificates that are in the possession of protected purchasers unless an overissue results, in which event the purchaser retains only a right to an action for damages. Id. Although Smith, Hulsey may be a protected purchaser under civil law, this does not exonerate Moore, a person who obviously does not have the status of a protected purchaser, from criminal liability for his act of obtaining a replacement certificate under false pretenses and later profiting therefrom.
Because an order granting a motion to dismiss an information is subject to de novo review, Bell v. State, 835 So.2d 392, 394 (Fla. 2d DCA 2003), we need give no evidentiary deference to any considerations that may have motivated the court’s order. In my judgment, the lower court erred as a matter of law in its application of the law to the facts. I would therefore reverse the order of dismissal and remand the case for further proceedings.

. Its right to receive full value for the certificate, moreover, as indicated from the discussion infra, is problematic.