CANADY, Judge.
The State appeals the circuit court’s order granting Miguel Quetglas’s Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss the criminal charge against him. Because we conclude that the trial court misinterpreted the statute under which Quetglas was charged and that the motion to dismiss was facially insufficient, we reverse.

Background

The State filed an information charging Quetglas in count I with possession of gamma-hydroxybutyric acid (GHB), a schedule II controlled substance listed in section 893.03(2)(b)(ll), Florida Statutes (2000). Quetglas filed a motion to dismiss the charge, claiming that the information failed to demonstrate a prima facie case of possession of an illegal substance because the substance in question was not GHB but had been determined by the Florida Department of Law Enforcement drug lab to be gamma butyrolaetone (GBL). The motion contended that because Quetglas possessed GBL, a substance not found under section 893.03(2)(b), Quetglas did not possess a substance prohibited by Florida law.
The trial court initially denied Quetglas’s motion to dismiss, ruling that although GBL was not a listed substance in the statute, it was an ester of GHB and thus proscribed under section 893.03(2)(b). But the trial court subsequently vacated its previous order and granted Quetglas’s motion. The trial court’s decision to grant the motion was based on the fact that after Quetglas’s alleged offense the legislature had amended section 893.03 by adding GBL as a specifically named controlled substance in schedule I. See § 893.03(l)(d)(2), Fla. Stat. (2001). The trial court reasoned that the legislature’s subsequent action in specifically listing GBL meant that the version of section *362 893.03(2)(b) in force at the time of Quetg-las’s alleged offense necessarily excluded GBL. The court relied on the canon of statutory construction that the expression of one thing is the exclusion of another (expressio unius est exclusio alterius).

Argument on Appeal

The State contends on appeal that (a) the trial court’s reliance on the canon-of construction was misplaced and the trial court misinterpreted section 893.03(2)(b), Florida Statutes (2000); (b) the possession of GBL was prohibited by section 893.03(2)(b)(ll) if GBL is an isomer, ester, ether, or salt of GHB; and (c) the issue of whether GBL was an isomer, ester, ether, or salt of GHB was a question of fact to be determined by the trier of fact.

Analysis

Florida Rule of Criminal Procedure 3.190(c)(4) allows a defendant to file a motion to dismiss when “[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.” Under a rule 3.190(c)(4) motion the “defendant has the burden to allege that the material facts of the case are undisputed, describe what the material facts are, and demonstrate that the undisputed facts either (1) fail to establish a prima facie case, or (2) establish a valid defense.” State v. Burrell, 819 So.2d 181, 181-82 (Fla. 2d DCA 2002); see also State v. Kalogeropolous, 758 So.2d 110, 111 (Fla.2000) (“Under this rule it is the defendant’s burden to specifically allege and swear to the undisputed facts in a motion to dismiss and to demonstrate that no prima facie case exists upon the facts set forth in detail in the motion.”).
In this case, Quetglas failed to satisfy the burden he carried under the rule. The motion alleged the following facts: (a) that the substance possessed by Quetglas was not GHB, but was GBL, and (b) that defense counsel “has done an extensive search on the schedule of prohibited substances ... and has been unable to find [GBL] as a prohibited substance.” Contrary to the claim in Quetglas’s motion, these facts fail to show that,a prima facie case did not exist.
Section 893.03(2)(b) provides that all substances listed therein, “including their isomers, esters,- ethers, salts, and salts of isomers, esters, and ethers” are controlled substances under schedule II “[u]nless specifically excepted or unless listed in another schedule.” Quetglas’s motion merely asserted that defense counsel could not “find [GBL] as a prohibited substance.” This assertion established nothing.
A schedule II controlled substance need not be specifically named in section 893.03(2). Instead, the statute provides that all isomers, esters, ethers, and salts of the specifically named substances as well as the salts of the isomers, esters, and ethers are included in the schedule unless specifically excepted. § 893.03(2)(b). Substances within the described categories of chemically related substances are as much controlled substances as are the specifically listed substances.
In 2001, the legislature transferred GHB to schedule I. See § 893.03(1)(d)(3), Fla. Stat. (2001). The legislature also specifically named GBL in schedule I. See § 893.03(1)(d)(2). Contrary to the trial court’s view, these statutory changes do not establish as a matter of law that GBL does not fall within one of the categories of chemically related substances for GHB referred to in section 893.03(2)(b), Florida Statutes (2000).
Under the statutory scheme, a substance that falls within one of the categories of chemically related substances described in a particular schedule will not be *363 covered by that schedule if it is listed m another schedule.” § 893.03(2)(b). Accordingly, the statutory framework makes clear that there may be some overlapping of substances that are specifically named and substances falling within a described category of chemically related substances. Under such a statutory scheme, there is no arguable basis for the inference that the specific naming of a substance under section 893.03 means that the substance could not be within one of the categories of chemically related substances described in an earlier version of the statute. The trial court erred in its interpretation of the statute.
Under the expressio unius canon — on which the trial court relied — and the interchangeable inclusio unius canon, “when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded.” Gay v. Singletary, 700 So.2d 1220, 1221 (Fla. 1997). “The canon depends on identifying a series of two or more terms or things that should be understood to go hand in hand, which is abridged in circumstances supporting a sensible inference that the term left out must have been meant to be excluded.” Chevron U.S.A. Inc. V. Echazabal, 536 U.S. 73, 81, 122 S.Ct. 2045, 153 L.Ed.2d 82 (2002).
The expressio unius canon is thus deployed to defeat an argument that a particular item or matter is included by implication within the scope of a statutory provision. No such argument is at issue here. The State does not contend that GBL is included by implication as a schedule II controlled substance. The statute presents no issue of statutory interpretation with respect to the scope of its coverage. It simply presents a factual — or scientific — question regarding whether GBL is in one of the covered categories of chemically related substances. The expressio unius canon has no relevance to the factual question of whether GBL is in one of the categories of chemically related substances described in the version of section 893.03(2)(b) in force when Quetglas’s alleged offense occurred.

Conclusion

Whether GBL is a substance within one of the described categories of chemically related substances is a question of fact. And Quetglas’s motion to dismiss does not address that factual question. The motion at no point asserts that GBL is not within the described categories of chemically related substances under section 893.03(2)(b). Because Quetglas’s motion failed to assert that GBL is not included in section 893.03(2)(b) under one of the described categories of chemically related substances, his motion did not demonstrate that the undisputed facts failed to establish a prima facie case. The trial court erred in granting such a facially insufficient motion.
We therefore reverse the dismissal order and remand with directions to reinstate the charge of possession of a controlled substance against Quetglas.
Reversed and remanded.
NORTHCUTT and WALLACE, JJ„ concur.