951 So.2d 97 (2007)
STATE of Florida,
v.
Jerry JARAMILLO, Jr., and Maria Gisela Knudsen, Appellees.
No. 2D06-3927.
District Court of Appeal of Florida, Second District.
March 14, 2007.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellant.
Norman S. Cannella of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellees.
LaROSE, Judge.
The State challenges the trial court's order granting a motion to dismiss grand theft, forgery, and uttering a forged instrument charges filed against Jerry Jaramillo, Jr., and Maria Gisela Knudsen. We have jurisdiction. See Fla. R.App. P. 9.140(c)(1)(A), (c)(3). We reverse.
The charges against Mr. Jaramillo and Ms. Knudsen stem from a Florida Department of Law Enforcement (FDLE) investigation conducted during the course of *98 Mr. Jaramillo's divorce. During a lawful search of a locked garbage dumpster rented by Mr. Jaramillo's law firm, FDLE agents discovered a discarded health insurance application. The application bore the signatures of Mr. Jaramillo and Ms. Knudsen. Attached to the application was a copy of a marriage certificate reflecting that Mr. Jaramillo and Ms. Knudsen married in 2004. As a result, the health insurer provided coverage to Ms. Knudsen and her children under Mr. Jaramillo's policy. Ultimately, the insurer paid over $8000 in claims made by Mr. Jaramillo, Ms. Knudsen, and her children.
At the time the application was filled out, Mr. Jaramillo was not married to Ms. Knudsen; he was not yet divorced from his then wife. The Hillsborough County Clerk of Court had no marriage license on file for Ms. Knudsen during the relevant period. Our record contains what the State contends to be a fabricated 2004 marriage certificate submitted with Mr. Jaramillo's and Ms. Knudsen's application. The 1997 marriage certificate issued to Mr. Jaramillo and his then wife is also in our record. The 1997 marriage certificate reflects a marriage date of March 8, 1997, a return date of March 14, 1997, an audit control number of 169793, and recording in book 540, page 195 of the public records. The apparently fabricated 2004 marriage certificate bears Ms. Knudsen's name as bride, a marriage date of March 8, 2004, a return date of March 14, 2004, and the same audit control number and recording information as the 1997 marriage certificate.
Mr. Jaramillo and Ms. Knudsen moved to dismiss the charges under Florida Rule of Criminal Procedure 3.190(c)(4).[1] They asserted that the State could not prove that they fabricated the marriage certificate, sent the application to the health insurer, knew the submitted documents were false, or submitted false claims to the insurer. The State did not file a traverse. Instead, it filed a demurrer under rule 3.190(d), contending that the evidence and inferences to be drawn supported a prima facie case sufficient to defeat the motion to dismiss. The trial court dismissed the charges, relying on cases addressing motions for judgment of acquittal where circumstantial evidence did not exclude a reasonable hypothesis of innocence.
We review the trial court's dismissal order de novo. See State v. James, 928 So.2d 1269, 1270 (Fla. 2d DCA 2006); Bell v. State, 835 So.2d 392, 394 (Fla. 2d DCA 2003). By filing a demurrer, the State admitted the basic facts in the motion. See Fla. R.Crim. P. 3.190(d); James, 928 So.2d at 1270. But, despite such an admission, the trial court must still consider the facts alleged in the motion to determine whether the State has set forth a prima facie case. See James, 928 So.2d at 1271; State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999). To satisfy its burden, the State may rely on circumstantial evidence; all inferences to be drawn therefrom are resolved in the State's favor. *99 See State v. Kalogeropolous, 758 So.2d 110, 112 (Fla.2000).
A trial court cannot dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal at trial. Paleveda, 745 So.2d at 1027 (holding that knowledge in a possession case is question of fact; element of knowledge not proper consideration on motion to dismiss). Moreover, if the State bases its charges on circumstantial evidence, whether that evidence excludes all reasonable hypotheses of innocence may be decided only at trial, after the evidence has been presented. See State v. Burrell, 819 So.2d 181, 182 (Fla. 2d DCA 2002) (holding that second-degree grand theft charge and charge for possession of a vehicle with an altered or removed vehicle identification number improperly dismissed where State's circumstantial evidence met minimal requirement of a prima facie case); State v. Ortiz, 766 So.2d 1137, 1142-43 (Fla. 3d DCA 2000) (stating that State's admittedly circumstantial evidence of attempted sexual battery showed prima facie case sufficient to withstand motion to dismiss).
Applying these principles, we conclude that the motion to dismiss did not defeat the elements of the charges. Thus, the trial court erred in granting the motion. See James, 928 So.2d at 1271; Paleveda, 745 So.2d at 1027.
Reversed and remanded.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] The information alleged grand theft with intent "either to permanently or temporarily deprive the [health insurer] of a right to the property or a benefit there from, or to appropriate the property to their own use or to the use of any person not entitled thereto." See § 812.014(1), Fla. Stat. (2003). The forgery charge alleged the false making, altering, forging, or counterfeiting of "a public record to wit: a marriage certificate, with intent to injure or defraud. . . ." See § 831.01, Fla. Stat. (2003). The uttering charge was based on uttering and publishing as true a "falsely made, altered, forged, or counterfeited public record, to wit: a marriage certificate, knowing this document to be falsely made, altered, forged, or counterfeited, with intent to injure or defraud. . . ." See § 831.02, Fla. Stat. (2003).