KELLY, Judge.
 

 The State appeals from the trial court’s order that dismisses the information charging Conisha A. Cadore with trafficking in 400 grams to 150 kilograms of cocaine. The State argues that the question of whether Cadore had the ability to exercise dominion and control over the contraband was a jury question, not an issue properly decided on a motion filed under Florida Rule of Criminal Procedure 3.190(c)(4). We agree that, under the facts of this case, the trial court erred in granting the motion.
 

 A defendant may move for dismissal under rule 3.190(c)(4) by alleging that “[tjhere are no material disputed facts
 
 *1202
 
 and [that] the undisputed facts do not establish a prima facie case of guilt against the defendant.” It is the defendant’s burden to demonstrate that no prima facie case exists upon the undisputed facts set forth in detail in the motion.
 
 State v. Kalogeropolous,
 
 758 So.2d 110, 111 (Fla.2000). In reviewing the undisputed facts, the State is entitled to the most favorable construction of the evidence with all inferences being resolved , against the defendant.
 
 State v. Dickerson,
 
 811 So.2d 744, 746 (Fla. 2d DCA 2002). In meeting its burden of establishing a prima facie case, the State need not adduce evidence sufficient to sustain a conviction,
 
 State v. Ortiz,
 
 766 So.2d 1137, 1142 (Fla. 3d DCA 2000), and may rely on circumstantial evidence,
 
 Kalogeropolous,
 
 758 So.2d at 112.
 

 In this case, Cadore moved to dismiss the information, arguing that the undisputed facts failed to show that she had dominion and control over the drugs in the residence. The undisputed facts are that a confidential informant purchased crack cocaine on two separate occasions from a person known as “Sunshine,” who was later identified as Conisha Cadore. The transactions took place in Cadore’s residence. Based on this information, law enforcement officers obtained a search warrant authorizing them to search Cadore’s residence for illegal drugs. Upon entering the residence, the officers encountered Ca-dore and codefendant Brent Starks in the bedroom. As a result of the search, the officers found approximately 75.4 grams of cocaine in a box on a kitchen shelf, approximately 98 grams of cocaine in a plastic bag inside an oven mitt hanging above the kitchen stove, approximately 132 grams of cocaine in a hat box on a shelf in. the bedroom closet, and other illegal drugs in a second box in the same closet. On a dresser in the bedroom, the officers found a statement from the Tampa Electric Company showing Cadore’s name. In a drawer of that dresser, the officers found $2495 in cash. In another dresser beside the bed, they found a loaded Glock .45 handgun, two pieces of mail showing the names of both defendants, and boxes of ammunition. A loaded Glock' .45 magazine was found on the couch in the living room. In addition, the officers found a digital scale containing cocaine residue at an unspecified location in the residence. Upon being told her Miranda
 
 [1]
 
 rights, Cadore stated that she “hasn’t sold cocaine from the residence in approximately two weeks.” When an officer showed Starks a bag of cocaine that was found in the residence, Starks stated “that’s mine.”
 

 In its demurrer the State did not dispute the facts Cadore set forth in the motion to dismiss.
 
 [2]
 
 Instead, the State simply argued: “The issue of knowledge, as an element of constructive possession, is an ultimate question which a jury must decide on factual inferences; it is not subject to a motion to dismiss.” The trial court questioned whether the issue of dominion and control, the second element of constructive possession, could properly be decided on a rule 3.190(c)(4) motion and logically determined that it could. The court granted the motion to dismiss on the basis that the undisputed facts failed to
 
 *1203
 
 show that Cadore had dominion and control over cocaine which was found in a jointly occupied residence.
 

 Although the court wrestled with the procedural issue of whether constructive possession could be determined on a rule 3.190(c)(4) motion, we believe the issue more properly stated in this. case is whether constructive possession can be decided on a(c)(4) motion when the State’s case is comprised entirely of circumstantial evidence which requires a determination of factual issues. We conclude that it cannot.
 
 See Isaac v. State,
 
 730 So.2d 757, 758 (Fla. 2d DCA 1999) (noting that whether a defendant had “dominion and control” over contraband is generally a fact issue for the jury);
 
 State v. St. Jean,
 
 658 So.2d 1056, 1057 (Fla. 5th DCA 1995) (the issue of “knowledge” as an element of constructive possession is an ultimate question which a jury must decide on factual inferences).
 

 Because the officers did not find Cadore in actual possession of the cocaine, the State was required to show that she had constructive possession of it. To establish a prima facie case based on constructive possession, the State had to establish that Cadore knew of the presence of the contraband and that she had dominion and control over it.
 
 See Brown v. State,
 
 8 So.3d 464, 465 (Fla. 2d DCA 2009). The existence of these two elements can only be inferred if the premises where the contraband was found is in the accused’s exclusive possession.
 
 Robinson v. State,
 
 975 So.2d 593, 595 (Fla. 2d DCA 2008). If possession of the premises is joint, the two elements must be shown by independent proof.
 
 Wagner v. State,
 
 950 So.2d 511, 513 (Fla. 2d DCA 2007). Such proof may consist of evidence of incriminating statements and circumstances, other than the mere location of the substance, from which a jury might infer knowledge of the presence of the contraband on the premises.
 
 State v. Holland,
 
 975 So.2d 595, 598 (Fla. 2d DCA 2008).
 

 “In considering a(c)(4) motion the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses....”
 
 State v. Lewis,
 
 463 So.2d 561, 563 (Fla. 2d DCA 1985). Thus, “[e]ven if the trial court doubts the sufficiency of the State’s evidence, it cannot grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for a judgment of acquittal.”
 
 State v. Paleveda,
 
 745 So.2d 1026, 1027 (Fla. 2d DCA 1999).
 

 “Moreover, if the state’s evidence is all circumstantial, whether it excludes all reasonable hypotheses of innocence may only be decided at trial, after all of the evidence has been presented.”
 
 State v. Bonebright,
 
 742 So.2d 290, 291 (Fla. 1st DCA 1998). “[A] defendant may not be
 
 convicted
 
 solely upon circumstantial evidence unless the evidence is inconsistent with the defendant’s reasonable hypothesis of innocence. This does not mean, however, that the evidence cannot establish a prima facie case sufficient to withstand a motion to dismiss.”
 
 State v. Burrell,
 
 819 So.2d 181, 182 (Fla. 2d DCA 2002);
 
 see Ortiz,
 
 766 So.2d at 1142.
 

 . Based on Cadore’s statement that she had sold cocaine from the premises, evidence of recent cocaine sales to a confidential informant at Cadore’s residence, mail bearing Cadore’s name establishing a connection to the residence, cocaine found in the bedroom where Cadore stood at the time of the execution of the search warrant, cocaine found in a common area of the residence, and a scale containing cocaine residue, the facts, when viewed in a light most favorable to the State, are sufficient to survive a motion to dismiss, if not a motion for judgment of acquittal.
 
 See
 
 
 *1204
 

 Dickerson,
 
 811 So.2d at 746 (noting that, when faced with a motion to dismiss, the State must only establish the “barest prima facie case” (quoting
 
 State v. Hunwick,
 
 446 So.2d 214, 215 (Fla. 4th DCA 1984))).
 

 Accordingly, we reverse with directions to reinstate the charges against Cadore.
 

 ALTENBERND and MORRIS, JJ., Concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . Florida Rule of Criminal Procedure 3.190(d) provides that the State “may” traverse a motion to dismiss; otherwise, factual matters asserted therein will be deemed admitted.
 
 State v. Paleveda,
 
 745 So.2d 1026, 1027 (Fla. 2d DCA 1999). "Thus, the State’s failure to file a traverse is not, in itself, fatal to a criminal charge, as the trial court must still consider the facts alleged in the motion to dismiss to determine whether a prima facie case has been established.”
 
 Id.; see State v. Jaramillo,
 
 951 So.2d 97 (Fla. 2d DCA 2007).