DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ECDUARD PAREDES,**
Appellee.

No. 4D14-3503

[May 11, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 13-7382CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellant.

Samuel R. Halpern, Fort Lauderdale for appellee.

CONNER, J.

The State appeals the trial court's order granting Paredes's motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The State argues that the trial court erred in granting the motion because there is a dispute of fact regarding the timing of events, and there are inferences from the facts that, when taken in a light most favorable to the State, likewise create a dispute of material fact. The State also argues that where the State's evidence is all circumstantial, whether it excludes all reasonable hypotheses of innocence may only be decided at trial and cannot be resolved by a "(c)(4)" motion. We agree and reverse.

*Factual History and Trial Court Proceedings*

The State charged Paredes with attempted burglary and driving while license suspended or revoked. Paredes filed a sworn motion to dismiss, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), as to the attempted burglary charge.

The following facts relevant to this appeal are quoted from the motion:[1]

1.  The Defendant is charged by Information with Attempted Burglary of a Dwelling. It is alleged the Defendant attempted to gain entry to the home of [J.S.] with the intent to commit theft on May 2, 2013.

2.  On the date in question, [J.S.]'s 15-year-old daughter, [M.S.], had stayed home from school as she was not feeling well. She was resting in her bedroom at the rear of the house when she heard knocking and banging on the front door. Initially, she ignored the knocking as she thought it may have been coming from a neighbor's house. When it continued, she got up to investigate.

3.  When [M.S.] looked out of the front window, she saw a black four-door Honda backed into her driveway. She was not expecting anyone that morning. She called her mother who was at work to ask if perhaps she was expecting someone and reported that this car was in the driveway and someone had been knocking at the door. She was informed that no one was expected and to call 911, which she did.

4.  [M.S.] did not see anyone either outside of the car or driving the car. She did see the car drive slowly away and back into a neighbor's driveway across the street and a couple of houses away. She was able to obtain a partial license tag.

5.  While [M.S.] was on the phone with the 911 operator, her father was on the way to the home. When her father arrived, she hung up with the operator, walked outside and pointed to where the car had backed into the neighbor's driveway.

. . . .

---

[1] For ease of reading, all of Paredes's citations to depositions and reports are omitted from the quoted text.

11. Soon after this incident, Officer Hess of the Pembroke Pines Police Department responded to [J.S.]'s residence. He saw a crack/split in the front double doors. [J.S.] noted other damage to the door which he interpreted to be "like a pry mark." See attached photos of the door. No fingerprints or other physical evidence was collected which connect [Paredes] to the door. A canvass of the area yielded no additional witnesses and no tools were discovered.

Additionally, in the argument section of the motion, the following factual assertions are made:

12. There is no physical evidence such as fingerprints which ties the Defendant to the front door of [J.S.'s] residence. The Defendant did not attempt to disguise himself. He was not wearing gloves. The events in question happened in broad daylight at approximately 11:30 a.m. The front door of the residence is in plain view of the street and neighboring houses. The evidence suggests someone banged on the front door and possibly used something to pry it open, however, no witness saw the Defendant at or near the front door. No burglary tools were found at the scene. Neither [M.S.] nor [J.S.] ever saw the Defendant exit the car, either at [J.S.]'s residence or across the street. The car sped off only when [J.S.] tried to block it in a driveway. Applying the facts to the law, it is respectfully submitted the State will be unable to establish a prima facie case of guilt.

The State filed a traverse in which it admitted many of the factual allegations in the motion, but denied the following:

The State specifically DENIES paragraph twelve (12) of the Defendant's Sworn Motion to Dismiss, and further alleges that taken [sic] all inferences of the facts in light most favorable to the State and against the Defendant, the State can prove a prima facie case of Attempted Burglary. Within a few *moments* after [M.S.] last hears someone attempt to forcefully pry open her front door (she hears wood split and the door jingle), she sees the Defendant's car slowly leave [M.S.]'s driveway. [M.S.] knows that nobody is expected at the house during the day. [M.S.] never loses sight of the Defendant's car as it backs out of her residence even until the Defendant backs into another

3

driveway 5-6 houses down the street. [J.S.] sees the Defendant's car pass him as [J.S.] approaches his residence. [M.S.] points out the Defendant's car to [J.S.] as both see the Defendant back his vehicle into another driveway down the street into a house that is not the Defendant's.

(emphasis added).

Paredes filed a response to the traverse in which he agreed, as discussed below, with the State's denials of paragraph twelve.

During the hearing on the motion to dismiss, the trial court specifically pointed the State to the case law quoted in the motion to dismiss, stating: "It's not sufficient that the facts create a strong probability of guilt. They must also eliminate all reasonable hypothesis [sic] of innocence." Additionally, Paredes argued that "at bar what we have is a situation where, if established, the case can never survive a JOA." Paredes also argued that "there's no evidence" that it was only seconds between when the daughter heard the noises at the door and when she looked out of the window. Specifically, Paredes stated: "[T]here's no facts that that [sic] supports the State's assertion that it was within seconds, not minutes, because that's just not the evidence in the case." The State argued that the facts of the case can be undisputed, but the inferences from the facts can still create a dispute as to material facts.

The trial court orally ruled:

> Based on what the defense has stated, I'm going to take the leap. I agree with the defense. I'm granting the Sworn Motion to Dismiss. The case is dismissed. Okay. I completely agree with the defense on this. *There's not sufficient facts to get this case to a jury on attempt* [sic] *burglary.* And I understand the Court's burden is similar to a Summary Judgment. And, as a matter of law, the Court is dismissing the case. The Sworn Motion to Dismiss is granted.

(emphasis added). The trial court subsequently entered a written order granting the motion. The State gave notice of appeal.

*Appellate Analysis*

"'The function of a '(c)(4)' motion is to ascertain whether the undisputed facts which the state will rely on to prove its case, establish a *prima facie* case, as a matter of law, so as to permit a jury to determine the defendant

4

guilty of the crime charged.'" *State v. Santiago*, 938 So. 2d 603, 605 (Fla. 4th DCA 2006) (quoting *State v. Walthour*, 876 So. 2d 594, 595 (Fla. 5th DCA 2004)). "'The appellate standard of review is *de novo*.'" *Id.* (quoting *Walthour*, 876 So. 2d at 595).

Florida Rule of Criminal Procedure 3.190(c)(4) allows for the filing of a motion to dismiss on grounds that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." "The purpose of such a motion is to test the legal sufficiency of the underlying case, i.e. whether there is a dispute of material fact (not just a dispute of unsupported conclusory allegations) or whether there exists a legal defense that would summarily decide the case." *State v. Nunez*, 881 So. 2d 658, 660 (Fla. 3d DCA 2004) (footnote and citations omitted).

In response to a motion to dismiss filed under rule 3.190(c)(4), the State may file a traverse. *See* Fla. R. Crim. Pro. 3.190(d). "A Traverse requires more than a did not, did so swearing match. The State is required to *specifically* dispute the material facts alleged by defendant or *add additional material facts* that meet the minimal requirements of a prima facie case of guilt." *Nunez*, 881 So. 2d at 661 (citations and footnote omitted). It has been held that motions filed pursuant to rule 3.190(c)(4) "are treated like summary judgment motions in civil cases." *Id.* at 660 (citation omitted). Therefore,

> as in civil cases, the State is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant, [however,] this rule presumes that some evidence exists and that the State will provide this evidence in a clear and *specific* fashion to dispute the material facts posited by the defendant.

*Id.*

The main question, as Paredes admits in his answer brief, was whether Paredes was at the front door of the house trying to break in. "[T]he State may rely on circumstantial evidence" in traversing a motion to dismiss, and "all inferences to be drawn therefrom are resolved in the *State's favor*." *State v. Jaramillo*, 951 So. 2d 97, 98 (Fla. 2d DCA 2007) (emphasis added). Therefore, although there was no direct evidence that Paredes was at the front door of the residence trying to break in, there was circumstantial evidence of such fact.

In the traverse, the State alleged that: "Within a few moments after [M.S.] last hears someone attempt to forcefully pry open her front door (she hears wood split and the door jingle), she sees the Defendant's car slowly leave [M.S.]'s driveway." Although Paredes did not *specifically* address this issue in his response to the traverse, he stated:

> The State denied paragraph 12 of the Defendant's motion to the extent it is stated that within minutes of hearing "wood split and the door jingle" [M.S.] saw the Honda slowly leave her driveway. Initially, paragraph 12 was in the Argument of Law section of the motion and is not subject to a traverse. That said, the Defendant *does not disagree this was her testimony*. She testified in her sworn statement to the police that "they started pulling on the door and prying at the door and I heard wood breaking." Sworn statement of [M.S.]'s statement, p. 3, given to police on May 20, 2013. **The Defendant agrees this is true.**

(italicized emphasis added). However, at the motion to dismiss hearing, Paredes argued that "there's no facts that that [sic] supports the State's assertion that it was within seconds, not minutes, because that's just not the evidence in the case."

The issue of time span (seconds versus minutes) raises two points. First, when the State indicated that M.S. heard the sounds a few "moments" before she saw Paredes' car leave, it interprets "moments" as seconds. In opposition, Paredes takes the position that "moments" is synonymous with minutes, not seconds. Therefore, the time span issue is either a disputed fact, that would have defeated the motion to dismiss, or Paredes did in fact agree that time span was only a few *seconds*, when it agreed in his response with the State's traverse regarding "moments."

Likewise, if taken as true (moments are a matter of seconds), this fact also makes the trial court's order denying the motion to dismiss improper. In viewing this evidence in a light most favorable to the State, it is clearly circumstantial evidence that it was Paredes who was at the front door of the house. Since this testimony establishes such a very short time period between the sound of prying at the door, evidencing an attempt to enter the house, and the observation of Paredes in the driveway, there was sufficient circumstantial evidence that it was Paredes who was attempting to break into the house.[2]

---

[2] Additionally, in its traverse, the State also specifically alleged "that between [M.S.] and [J.S.] the Defendant's vehicle is never out of sight, due to the proximity

The second point, regarding the temporal significance of the circumstantial evidence, is that the trial court, in its ruling, seemed to heavily rely upon the fact that there was no direct evidence (forensic, eyewitness, or admission evidence) placing Paredes at the front door. The trial court was concerned that the facts, as presented by the motion, traverse, and response to the traverse, did not refute every reasonable hypothesis of innocence. In other words, that it could have been someone else that caused the damage to the door, and Paredes just happened to be in the driveway at that time, or at least at a time near when M.S. thought the damage was being done to the door.

The trial court's concern that the circumstantial evidence did not adequately negate every reasonable hypothesis of innocence transformed into a concern that "[t]here's not sufficient facts to get this case to a jury on attempt [sic] burglary." Thus, it appears that the trial court was making a determination regarding whether the case would survive a motion for judgment of acquittal. Paredes led the trial court down this path with the argument that "at bar what we have is a situation where, if established, the case can never survive a JOA and here's why." Such analysis by the trial court, however, was in error.

> A trial court cannot dismiss criminal charges simply because it concludes that the case *will not survive a motion for judgment of acquittal at trial.* Moreover, if the State bases its charges on circumstantial evidence, whether that evidence excludes all reasonable hypotheses of innocence *may be decided only at trial,* after the evidence has been presented.

*Jaramillo,* 951 So. 2d at 99 (emphasis added and citations omitted); *see also State v. Ortiz,* 766 So. 2d 1137, 1142 (Fla. 3d DCA 2000) (quoting *State v. Paleveda,* 745 So. 2d 1026, 1027 (Fla. 2d DCA 1999)) ("'Even if the trial court doubts the sufficiency of the state's evidence, it cannot grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal.'").

This is also why, although discussing circumstantial evidence, the cases cited by Paredes in his answer brief, and to the trial court, are not

---

in time between what [M.S.] heard and saw, no one saw anybody in [the] vehicle that was in [M.S.]'s driveway other than the Defendant." This also serves as either evidence to support that there was only a short time period between the events or at the least, there is a material fact placed in dispute.

persuasive.  Those cases dealt with courts analyzing whether a *judgment of acquittal* should have been granted, not whether a motion to dismiss should have been granted.

We also join the three other districts and hold that "if the state's evidence is all circumstantial, whether it excludes all reasonable hypotheses of innocence may only be decided at trial, after all of the evidence has been presented," and the issue cannot be resolved by a rule 3.190(c)(4) motion to dismiss.  *See State v. Cadore*, 59 So. 3d 1200, 1203 (Fla. 2d DCA 2011) (quoting *State v. Bonebright*, 742 So. 2d 290, 291 (Fla. 1st DCA 1998)); *see also State v. Taylor*, 16 So. 3d 997, 1002 (Fla. 5th DCA 2009); *Ortiz*, 766 So. 2d at 1142; *cf. State v. Law*, 559 So. 2d 187, 189 (Fla. 1989) (explaining that it is the jury's duty to determine whether circumstantial evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt).

Therefore, since the motion to dismiss, the traverse, and the response to the traverse indicate that there are either disputed facts in the case, or at least, inferences from undisputed facts that establish a prima facie case of attempted burglary by Paredes, the trial court erred in granting the motion to dismiss.  Although the case law cited by Paredes indicates that the facts of this case may not survive a motion for judgment of acquittal at trial, this determination by the trial court was premature at the motion to dismiss stage.

*Reversed and Remanded.*

STEVENSON and DAMOORGIAN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

8