NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                         )

        Appellant,           )
                                         )

v.                              )        Case Nos.  2D17-4863
                                       )                        2D18-933

JOEL DAVID FAY, JR.,         )
                                       )

        Appellee.           )        CONSOLIDATED
_____)

Opinion filed September 6, 2019.

Appeals from the Circuit Court for Manatee
County; Hunter W. Carroll and Charles
Sniffen, Judges.

Ashley Moody, Attorney General,
Tallahassee, and Jason M. Miller and Elba
Caridad Martin, Assistant Attorneys General,
Tampa, for Appellant.

Peter Lombardo of Law Office of Peter
Lombardo, Bradenton, for Appellee.


VILLANTI, Judge.

The State appeals the trial court's order granting a motion to dismiss the

charge of burglary of an unoccupied dwelling filed against Joel David Fay, Jr.  The State

also appeals the trial court's order dismissing an affidavit of violation of Fay's probation,

which was based on the commission of the new underlying charge.  We consolidated both cases for purposes of this appeal.

The State argues that the trial court should have denied Fay's motion to dismiss because the State's circumstantial evidence established a prima facie case of guilt.  We agree and therefore reverse both dismissals.[1]

Approximately six months after a burglary occurred, the victim was organizing clothes in her dresser when she noticed small stains on one of her white shirts.  The shirt was stored beneath one of the drawers that was ransacked during the burglary.  The victim could not remember the last time she wore the shirt but guessed it had been over a year.  She testified during her deposition that she would not have put the shirt away with stains on it and that the person who left the stains was therefore the burglar.  The police sent the shirt to a forensic analyst, who determined that the stains were droplets of blood and that the DNA in the blood matched Fay's DNA.

Fay filed a verified motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), arguing that the circumstantial evidence was insufficient to sustain a conviction because it failed to disprove Fay's reasonable hypothesis of innocence that Fay's blood could have transferred on the victim's shirt at some point prior to the burglary.  During the motion to dismiss hearing, the State acknowledged that the motion to dismiss accurately set forth the essential facts that would be presented at

---

[1]While the State also argues the trial court should have stricken Fay's motion to dismiss because Fay failed to allege the facts "by personal knowledge," we find that the jurat was sufficient to support the trial court's ruling.  See Hudson v. State, 745 So. 2d 997, 999 (Fla. 2d DCA 1999).  Because we conclude that the trial court had a proper evidentiary basis to evaluate Fay's motion to dismiss, we need not address this issue further.

trial. The trial court found that the undisputed evidence failed to set forth a prima facie case and granted Fay's motion to dismiss. We review this ruling de novo. See State v. Trappen, 223 So. 3d 405, 407 (Fla. 2d DCA 2017) (citing Bell v. State, 835 So. 2d 392, 394 (Fla. 2d DCA 2003)).

"Under [the rule 3.190(c)(4)] procedure, a defendant may seek dismissal where '[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt.' " Id. (quoting Fla. R. Crim. P. 3.190(c)(4)); see also State v. Norwood, 66 So. 3d 388, 389 (Fla. 5th DCA 2011) ("When a motion to dismiss is based on undisputed facts, dismissal is appropriate when the undisputed facts do not establish a prima facie case of guilt."). The burden to demonstrate that the evidence does not establish a prima facie case falls upon the defendant and all questions and inferences must be resolved in favor of the State. Trappen, 223 So. 3d at 407 (first citing State v. Cadore, 59 So. 3d 1200, 1202 (Fla. 2d DCA 2011); and then citing State v. Pasko, 815 So. 2d 680, 681 (Fla. 2d DCA 2002)).

When it comes to the weight of the evidence, however, "[a] trial court cannot dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal at trial." State v. Paredes, 191 So. 3d 936, 941 (Fla. 4th DCA 2016) (quoting State v. Jaramillo, 951 So. 2d 97, 99 (Fla. 2d DCA 2007)). Moreover, even " 'if the state's evidence is all circumstantial, whether it excludes all reasonable hypotheses of innocence may only be decided at trial, after all of the evidence has been presented,' and the issue cannot be resolved by a rule 3.190(c)(4) motion to dismiss." Id. at 942 (quoting Cadore, 59 So. 3d at 1203; accord Jaramillo, 951 So. 2d at 98-99 (holding that the State may satisfy its burden to set forth

- 3 -

a prima facie case by relying on circumstantial evidence); State v. Bonebright, 742 So. 2d 290, 292 (Fla. 1st DCA 1998) (holding that, because the undisputed circumstantial evidence established a prima facie case of arson, the trial court should have denied the motion to dismiss, irrespective of the defendant's hypothesis that someone else committed the arson).

As such, the circumstantial evidence cases cited by Fay both at the hearing and in his answer brief are unpersuasive because they analyze whether a judgment of acquittal should have been granted, rather than a motion to dismiss. See Paredes, 191 So. 3d at 941. Thus, at the motion to dismiss stage, the trial court should not have reached the issue of whether the circumstantial evidence excluded Fay's reasonable hypotheses of innocence.

Because the undisputed evidence established a prima facie case, the trial court erred in dismissing this charge and we therefore reverse. We also reverse the trial court's order dismissing the violation of probation charge and remand to allow the court to reconsider its ruling in light of this opinion. See Monforto v. State, 31 So. 3d 976, 976 (Fla. 2d DCA 2010).

Reversed and remanded with directions.

LaROSE and ATKINSON, JJ., Concur.