PATTERSON, Judge.
Trent Moberly appeals his judgment and sentence for first degree arson. One of the appellant’s contentions is that the state presented insufficient evidence to support a conviction. We agree and reverse.
The appellant does not challenge the state’s proof that the fire that occurred on November 15, 1987, in Kimberly Wilke’s apartment was the result of arson. The issue is whether the state proved that the appellant was the person who set the fire. The state presented the following evidence at trial.
The appellant and Kimberly Wilke had been dating on and off for about ten years. In November of 1987 the romantic relationship ended. On November 14, 1987, the appellant baby-sat for Ms. Wilke’s two and one-half year old son, Christopher. The appellant and Christopher had developed a close relationship, and the appellant had offered to baby-sit Christopher whenever Ms. Wilke needed him. Ms. Wilke dropped Christopher off at the appellant’s home and then went out for dinner and drinks with Darryl Buist. They came back late that night to Ms. Wilke’s apartment where they immediately went to sleep.
At approximately 1:00 a.m., the appellant called Ms. Wilke’s father, Clarence. The appellant stated that he wanted Ms. Wilke to get her son and said, “Your daughter’s a f. whore and she’s going to get it.” Clarence admitted that during the ten-year relationship between his daughter and the appellant he had heard them call each other every name in the book.
Later, Mr. Buist was awakened by loud noises to find the front door broken open and a window screen pushed through. He thought he heard someone yell, “Come get your damned kid.” Mr. Buist and Ms. Wilke left the apartment to use the public phone at a Circle K approximately five blocks from the apartment.
Ms. Wilke called the appellant a few times, finally reached him, and told him she could not find her son. The appellant told her that he had left the child at her apartment. Neither Ms. Wilke nor Mr. Buist saw the appellant that morning. Mr. Buist ran back to the apartment from the Circle K and found Christopher in the custody of Mr. Thistlewood, an off-duty building maintenance man. He then took Christopher back to the Circle K where Ms. Wilke was waiting.
Mr. Thistlewood testified that he heard some vague arguing and about half an hour later saw a child playing in the hallway of the apartment building. He took Christopher out to the street to look for his mother and walked around the complex. A man later identified as Mr. Buist took the child from Mr. Thistlewood.
A short time later, Mr. Thistlewood spoke with a man later identified as the appellant who asked about the child. In response to a question about the appellant’s demeanor, Mr. Thistlewood testified that the appellant did not look agitated, but he looked concerned or worried about the child. Upon learning that a man, presumably Ms. Wilke’s boyfriend, had taken the child, the appellant appeared satisfied and walked away. Mr. Thistlewood did not see the direction in which the appellant was heading. Twenty to thirty minutes later Mr. Thistlewood noticed the fire.
The police questioned appellant between 3:30 and 4:00 a.m. on the morning of No *775 vember 15, 1987. After appellant was awakened, he agreed to waive his Miranda rights and talk to the police. The appellant admitted going to the apartment twice: once to drop the child off and a second time after speaking with Ms. Wilke to find the child. Thé appellant also admitted that he kicked the door open, but he denied setting the fire.
At the close of the state’s evidence, the appellant moved for a judgment of acquittal which the trial court denied. The jury found the defendant guilty of first degree arson. The trial judge sentenced the appellant to five and one-half years in prison and two years’ probation. This timely appeal followed.
The appellant correctly asserts that the state failed to present sufficient evidence to support his conviction for first degree arson. The circumstantial evidence of motive and opportunity do not prove beyond a reasonable doubt that the appellant committed the arson. The state presented evidence that (1) the appellant was mad at Kimberly Wilke,. (2) he had been in her apartment complex about twenty to thirty minutes before a witness noticed the fire, and (3) the fire was the result of arson. Although the circumstantial evidence furnished a suspicion of guilt, it fell far short of circumstances of “a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged.” Owens v. State, 432 So.2d 579, 581 (Fla. 2d DCA 1983) (emphasis in original). The record reflects that Ms. Wilke’s apartment door and window were left open and the apartment was left vacant for at least thirty minutes in a large apartment complex. This leads to a reasonable hypothesis of innocence that someone else committed the arson.
The appellant’s judgment and sentence are reversed.
SCHOONOVER, A.C.J., and LEHAN, J., concur.