742 So.2d 290 (1998)
STATE of Florida, Appellant,
v.
Gerald Wayne BONEBRIGHT, Appellee.
No. 97-596.
District Court of Appeal of Florida, First District.
July 29, 1998.
*291 Robert A. Butterworth, Attorney General; Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellant.
Appellee pro se.
WEBSTER, Judge.
The state seeks review of an order dismissing, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), an information charging first-degree arson. We have jurisdiction. Fla. R.App. P. 9.140(c)(1)(A). Because we conclude that the trial court's ruling was error, we reverse.
A motion to dismiss an information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) is analogous to a motion for summary judgment in a civil case. Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985). Both should be granted sparingly. State v. Fuller, 463 So.2d 1252 (Fla. 5th DCA 1985). The trial court should not decide factual issues, determine the weight to be given to conflicting evidence or assess the credibility of witnesses. State v. Feagle, 600 So.2d 1236 (Fla. 1st DCA 1992). In considering such a motion, the trial court must construe all evidence and inferences in a light most favorable to the state. Vanhoosen v. State, 469 So.2d 230 (Fla. 1st DCA 1985). The state is not obliged to produce evidence sufficient to sustain a conviction. Feagle, 600 So.2d at 1239. "As long as the State shows the barest prima facie case, it should not be prevented from prosecuting." Vanhoosen, 469 So.2d at 232. Moreover, if the state's evidence is all circumstantial, whether it excludes all reasonable hypotheses of innocence may only be decided at trial, after all of the evidence has been presented. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).
Here, the undisputed facts are as follows. Appellee had been involved in an intimate relationship with the victim for several days before the fire occurred. Appellee had been staying at the victim's home. On the night of the fire, appellee *292 and the victim argued. The victim gave appellee a pillow and a comforter, telling him to sleep in the den. The victim also told appellee that she was going to take him back to his base the next morning. A short time later, the victim awoke to smoke inside her home. Appellee had left, taking his possessions with him. Only appellee and the victim had been in the home that evening. The fire marshal's office concluded that the fire has been intentionally set, and had originated in the den, where appellee had been told to sleep. After having been arrested on the charge of arson, appellee stated that, if the victim's home had burned down, it had been an accident.
The trial court granted the motion to dismiss, agreeing with appellee that Moberly v. State, 562 So.2d 773 (Fla. 2d DCA 1990), was controlling. While the facts of Moberly appear very similar to those here, there are two significant distinguishing characteristics, one factual and the other legal. Factually, the court in Moberly noted that the door and window of the apartment that had been burned had been left open, and the apartment had been vacant, for a meaningful period of time before the fire. According to the court, that "le[d] to a reasonable hypothesis of innocence that someone else committed the arson." Id. at 775. Here, there is no such evidence. On the contrary, the undisputed evidence is that only appellee and the victim had been in the home the night of the fire. Legally, the court in Moberly was reviewing the propriety of a denial of a motion for judgment of acquittal made during trial. As we have said, in a circumstantial evidence case, the sufficiency of the evidence to exclude all reasonable hypotheses of innocence may only be decided at trial, after all of the evidence has been presented. To withstand a motion to dismiss, the state is obliged only to establish a prima facie case. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981).
The undisputed evidence in this case was sufficient to establish a prima facie case of arson against appellee. Accordingly, the trial court should have denied the motion to dismiss. Because it granted that motion, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
MINER, J., and SMITH, LARRY G., Senior Judge, concur.