774 So.2d 948 (2001)
STATE of Florida, Appellant,
v.
Sharon Kay REESE, Appellee.
No. 5D00-1053.
District Court of Appeal of Florida, Fifth District.
January 12, 2001.
*949 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
The State of Florida appeals the dismissal of charges brought against Sharon Kay Reese pursuant to Florida Rules Criminal Procedure 3.190(c)(4). We reverse the trial court's order of dismissal.
Following the execution of a search warrant at her home and the discovery of drugs, Sharon Reese was arrested and charged with (1) possession of cannabis with intent to distribute, (2) possession of cocaine with intent to distribute and (3) destruction of evidence.
Reese filed a motion to dismiss pursuant to Rule 3.190(c)(4). Accordingly, the burden was on Reese to allege that the material facts of the case were undisputed, describe what the material facts were, and demonstrate that the undisputed facts either (1) failed to establish a prima facie case or (2) established a valid defense. Ellis v. State, 346 So.2d 1044, 1045 (Fla. 1st DCA 1977).
Because neither Reese's motion nor the State's traverse filed pursuant to Florida Rules Criminal Procedure 3.190(d) alleged that Reese was in actual possession of the drugs at the time the search warrant was executed and she was arrested, the State proceeded on a constructive possession theory. In order to establish constructive possession, the State must prove that Reese (1) had dominion and control over the contraband, (2) knew the contraband was in her presence and (3) knew of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983).
The State's traverse alleged that Reese was standing in the open front doorway of her house and immediately shut the door when she saw the S.W.A.T. team arrive. Reese was next seen standing alone in the doorway of the bathroom where the drugs were found in the toilet bowl. The State is entitled to all reasonable inferences that may be drawn from these facts. See State v. Kalogeropolous, 758 So.2d 110 (Fla.2000) ("In meeting its burden of establishing a prima facie case, the State can use circumstantial evidence, and all inferences made are resolved in its favor."); Dubose v. State, 560 So.2d 323, 325 (Fla. 1st DCA 1990) ("The elements of constructive possession may be shown by a defendant's incriminating statements or conduct."); Taylor v. State, 319 So.2d 114, 116 (Fla. 2d DCA 1975) ("Constructive possession may be inferred from other incriminating statements or circumstances.").
Reese's main argument is that the facts alleged in the motion and the traverse fail to show that she had dominion and control over the contraband. This is erroneous as our Supreme Court has held that "joint occupancy, with or without ownership of the premises, where contraband is discovered in plain view in the presence of the owner or occupant is sufficient to support a conviction for constructive possession." Brown, 428 So.2d at 252.
While the State must establish the accused's dominion and control over the contraband, Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967), it may do so with circumstantial evidence. Brown v. State, 412 So.2d 420, 422 (Fla. 4th DCA 1982), approved, 428 So.2d 250 (Fla.1983). Although mere proximity to contraband is not by itself sufficient to prove possession, dominion and control may be inferred from *950 the ability to exercise control over the premises where they are found. Johnson v. State, 456 So.2d 923, 924 (Fla. 3d DCA 1984). As a joint occupant, Reese had the ability, albeit shared with the other joint occupants, to exercise dominion and control over the residence. Further, the State's traverse alleged that Reese was standing alone in the doorway of the bathroom where the contraband was found, which may, circumstantially, show that Reese had dominion and control over the immediate area where the drugs were found in plain view. As a joint occupant alone in close proximity to contraband in plain view, the State is entitled on a motion to dismiss to the inference that Reese had dominion and control over the contraband. Kalogeropolous, 758 So.2d at 112.
A motion to dismiss in a criminal case is analogous to a motion made for summary judgment in civil cases and "[b]oth should be granted sparingly". State v. Bonebright, 742 So.2d 290, 291 (Fla. 1st DCA 1998). A motion to dismiss should be granted only where the most favorable construction of the facts would not establish a prima facie case of guilt. If there is any evidence upon which a reasonable jury could find guilt, a motion to dismiss must be denied. State v. McQuay, 403 So.2d 566, 567 (Fla. 3d DCA 1981). Because we believe that the evidence, construed most favorably to the State, could prove a prima facie case of guilt, we conclude that granting the motion to dismiss was error.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
COBB and SAWAYA, JJ., concur.