811 So.2d 744 (2002)
STATE of Florida, Appellant,
v.
Noah DICKERSON, Appellee.
No. 2D01-1527.
District Court of Appeal of Florida, Second District.
February 27, 2002.
*745 Robert A. Butterworth, Attorney General, Tallahassee, and Ha T. Dao, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellee.
COVINGTON, Judge.
The State challenges a trial court order that dismisses a cocaine possession charge against the appellee, Noah Dickerson. We reverse.
On September 28, 2000, the State filed an information charging Dickerson with actual or constructive possession of cocaine in violation of section 893.13(6)(a), Florida Statutes (2000), and giving a false name while being detained or arrested in violation of section 901.36(1), Florida Statutes (2000). Dickerson pleaded guilty to giving a false name and was sentenced to time served. On February 23, 2001, however, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), he filed a motion to dismiss the cocaine possession charge. Dickerson alleged that based on the undisputed facts set forth in his motion, the State would be unable to establish a prima facie case for either actual or constructive possession.
In his motion to dismiss, Dickerson alleged that one evening in August 2000, the vehicle he was driving was pulled over for a traffic infraction. As the car was being pulled over, Dickerson's only passenger jumped out of the car and fled the scene. The officer who executed the stop thereafter discovered that Dickerson was driving with a suspended license and had an outstanding arrest warrant. In a search incident to Dickerson's immediate arrest, cocaine was discovered in the detained vehicle. However, no cocaine was seized from his person. Dickerson further asserted that "seized baggies, containing suspect cocaine, were never fingerprinted"; that the subject vehicle did not belong to him; and that the subject cocaine actually belonged to the vehicle's passenger. Dickerson submitted that the passenger, who subsequently fled the scene, revealed the existence of the contraband to Dickerson as the car was being stopped by law enforcement.
On February 27, 2001, the State filed a traverse. The traverse specifically denied certain factual assertions in the motion to dismiss, including Dickerson's claim that he was not in actual or constructive possession of the cocaine. The State alleged that at the time of the stop, Dickerson was found sitting directly upon a single piece of rock cocaine. In addition, the two baggies of cocaine "were found below the driver[']s seat and between the driver's seat and center console" of the subject vehicle. It was further alleged that those baggies were "well within the area of dominion and *746 control of [Dickerson]." The traverse indicated that during the stop, Dickerson gave a false name. Dickerson persisted in doing so until his identity was revealed by a backup officer who knew him. "[I]n a spontaneous statement" Dickerson also "admit[ted] to knowledge of cocaine in the car."
On March 6, 2001, immediately prior to the hearing on Dickerson's motion to dismiss, Dickerson filed a motion in limine. In that motion, he argued for the exclusion from evidence of the single piece of rock cocaine that purportedly was found on the driver's seat of his vehicle. Dickerson claimed that even though the confiscation of that single piece of cocaine was documented on the initial police report, there was no indication that the cocaine rock had ever been sent to the Florida Department of Law Enforcement (FDLE) for testing. In his motion in limine, Dickerson urged that:
In the absence of a proper FDLE scientifically-based, chemical analysis, the only alleged testing of the aforementioned rock is the field testing completed by Officer Larson. This is insufficient for purposes of establishing a predicate for, and subsequently introducing, testimony and evidence regarding a missing rock of suspected crack cocaine during the course of trial.
At the ensuing hearing, Dickerson stipulated to all of the facts set forth in the State's traverse. However, he argued that the traverse was procedurally deficient because it added nothing to the facts set forth in his motion to dismiss. As to Dickerson's motion in limine, the trial court questioned the prosecutor as to the whereabouts of the single piece of rock cocaine. The prosecutor ultimately explained that it was his understanding that the weight of the single cocaine rock simply had been included in the overall gram weight of all the cocaine seized from the vehicle.
The trial court concluded that there was no proof that the single piece of rock cocaine was placed into evidence or that the single cocaine rock was submitted to FDLE for testing. For those reasons, the trial court excluded from evidence the single piece of cocaine itself or any mention thereof. The trial court then determined that because of the exclusion of any evidence relating to the single cocaine rock, the State's traverse was procedurally deficient in that it failed to set forth any disputed issues of material fact that would enable the State to establish a prima facie case of actual or constructive possession.
On appeal, the State contends that the trial court erred in granting Dickerson's motion to dismiss and his motion in limine. The State argues that the allegations of the traverse were sufficient to overcome the motion to dismiss. It also argues that the trial court incorrectly concluded that the exclusion of the single cocaine rock was fatal to the State's case. We agree with both arguments.
The State's traverse to a defendant's motion to dismiss must either specifically dispute the defendant's material factual allegations or add material facts that meet the minimum requirement of a prima facie case. State v. Kalogeropolous, 758 So.2d 110, 112 (Fla.2000). If a material fact is disputed, the denial of the motion to dismiss is mandatory. Id. (citing Boler v. State, 678 So.2d 319, 323 (Fla.1996)). In meeting its burden of establishing a prima facie case, the State may rely on circumstantial evidence and all inferences arising therefrom that are favorable to the State. Kalogeropolous, 758 So.2d at 112 (citing Boler, 678 So.2d at 323). The State is not required to produce all of its evidence in its traverse and thus only needs to establish "the barest prima facie case" to overcome a motion to dismiss a criminal charge. State v. Hunwick, 446 So.2d 214, *747 215 (Fla. 4th DCA 1984); see also Kalogeropolous, 758 So.2d at 112; State v. Bonebright, 742 So.2d 290, 291 (Fla. 1st DCA 1998). In the instant case, the State's traverse indeed added additional material facts, even without the allegation relating to the single piece of cocaine, that met the minimum requirement of a prima facie case of constructive possession.
"[I]n the case of a jointly-occupied vehicle, knowledge and ability to control the contraband may not be inferred, but must be established by independent proof." Downard v. State, 793 So.2d 83, 85 (Fla. 2d DCA 2001). Here, the State's traverse specifically alleged that two baggies of cocaine were found within the area of the subject vehicle over which Dickerson, as the driver of that vehicle, had dominion and control. One bag was found directly below the driver's seat and one bag was found next to the driver's seat. The State's traverse also alleged that Dickerson "admitted" knowing of the existence of the cocaine and that he otherwise persisted in falsely representing his identity until an officer revealed his true identity.
Because the foregoing factual allegations not only suggest that there is some independent proof of Dickerson's knowledge and ability to control the contraband but otherwise give rise to primary inferences of knowledge and ability to control, the State's traverse succeeded in setting forth additional facts that met the minimum requirements of a prima facie case of constructive possession. See Green v. State, 754 So.2d 163, 164 (Fla. 5th DCA 2000) (stating that constructive possession may be established by additional evidence that creates a jury question as to whether the defendant had dominion and control); Taylor v. State, 319 So.2d 114, 116 (Fla. 2d DCA 1975) (stating that constructive possession may be inferred from other incriminating statements or circumstances). This case is therefore distinguishable from cases such as State v. Snyder, 635 So.2d 1057 (Fla. 2d DCA 1994), cited by the trial court. In that decision this court concluded that based on the factual allegations of the State's traverse, dominion and control of the contraband at issue could only be established by the impermissible stacking of inferences.
Further, "[i]n considering a(c)(4) motion[,] the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses...." State v. Lewis, 463 So.2d 561, 563 (Fla. 2d DCA 1985). Thus, "[e]ven if the trial court doubts the sufficiency of the State's evidence, it cannot grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for a judgment of acquittal." State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999); see also State v. Miller, 710 So.2d 686, 687 (Fla. 2d DCA 1998). And "if the state's evidence is all circumstantial, whether it excludes all reasonable hypotheses of innocence may only be decided at trial, after all of the evidence has been presented." State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000) (citing Bonebright, 742 So.2d at 291). In the instant case, the trial court dismissed the cocaine charge based, in part, on its conclusion that there were no circumstances under which the State could ultimately prove its case. Regardless, however, of whether the State will actually prevail based on competent evidence presented at trial, the material factual allegations within the four corners of the traverse still meet the minimum requirements of a prima facie case of actual possession.
As to the trial court's order in limine, the comprehensive exclusion of all evidence relating to the single cocaine rockincluding, presumably, prospective testimony regarding the officers' observations *748 of a rock-like substance on the driver's seat of Dickerson's vehicle at the time of the stopwas improper. Because officers may, at the very least, testify to their direct observations under circumstances such as those herein, the trial court's exclusion of all evidence relating to the single piece of rock cocaine was overbroad. For that reason, this court concludes that the trial court's exclusion of all evidence relating to the subject cocaine rock constituted an abuse of discretion.
Based on the foregoing, the trial court's order of dismissal and order in limine are reversed, and this cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
PARKER and ALTENBERND, JJ., Concur.