960 So.2d 864 (2007)
STATE of Florida, Appellant,
v.
Samuel GAY, Appellee.
No. 2D05-2201.
District Court of Appeal of Florida, Second District.
July 13, 2007.
*866 Bill McCollum, Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellant.
No appearance for Appellee Samuel Gay.
STRINGER, Judge.
The State appeals from the trial court's written order dismissing a felony count of possession of cocaine that was filed against Samuel Gay. Because the State's traverse established that there were disputed issues of material fact and established a prima facie case of constructive possession, the trial court erred in granting Gay's motion to dismiss. Therefore, we reverse and remand for further proceedings.
The State charged Gay with one count of felony possession of cocaine arising out of events that occurred on January 15, 2005. Gay subsequently filed a motion to dismiss the charge pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). In his motion, Gay alleged that on January 15, 2005, Deputy Rook of the Hillsborough County Sheriff's Office conducted a lawful traffic stop of the car Gay was driving. After stopping the car, Gay immediately got out of the driver's seat and began emptying his pockets onto the roof of his car. Rook called for back-up assistance and ordered Gay to stop what he was doing and step back to the patrol car. During this time, Rook was unable to see what the two passengers in the car were doing.
While Rook was patting down Gay, Deputy Penawert arrived to assist Rook. Penawert went to Gay's vehicle and asked the two passengers, both of whom were seated in the front passenger seat, to get out of the car to be interviewed. As Penawert looked inside the car at the passengers, he saw a small bag containing a white powdery substance on the center console. After the white powdery substance tested positive for cocaine, all three were arrested and charged with possession of the *867 cocaine. Gay asserted in his motion that the cocaine was not on the center console when he got out of the car.
In response to Gay's motion, the State filed a traverse. In the traverse, the State specifically disputed Gay's assertion that the cocaine was not on the center console when Gay got out of the car. The State also alleged the additional facts that Gay was the registered owner and driver of the car and that both passengers in the car denied knowledge and possession of the cocaine. In addition, the State alleged that the cocaine was in plain view in the car and was within reach of all of the occupants of the car.
At the hearing on Gay's motion, after reviewing the motion and the traverse, the trial court told the State, "You know, I can deny the motion, but then he's going to prevail at a judgment of acquittal." After further argument, the trial court stated, "I don't think they are going to be able to establish whose cocaine it was either. . . . I mean, you can't prove it. . . . The fact is you cannot prove it." At the close of the hearing, the trial court granted Gay's motion and dismissed the charge against him. The State then brought this appeal, arguing that the trial court did not properly apply the law regarding motions to dismiss to the facts presented in this case. We agree.
Under rule 3.190(c)(4), a defendant may move for dismissal by alleging that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Under this rule, "it is the defendant's burden to specifically allege and swear to the undisputed facts in a motion to dismiss and to demonstrate that no prima facie case exists upon the facts set forth in detail in the motion." State v. Kalogeropolous, 758 So.2d 110, 111 (Fla. 2000).
When faced with a motion to dismiss, the State may file a traverse pursuant to rule 3.190(d). If the State files a traverse, it must, under oath and in good faith, either specifically dispute the defendant's material facts or allege additional material facts that are sufficient to establish a prima facie case. Id. at 112; State v. Dickerson, 811 So.2d 744, 746 (Fla. 2d DCA 2002); see also State v. Gutierrez, 649 So.2d 926, 927 (Fla. 3d DCA 1995) (noting that any denial of the material facts by the State in a traverse must be made in good faith and not based on speculation, conjecture, presumption, or assumption). In its traverse, the State need not adduce evidence sufficient to support a conviction. State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000). Instead, it must only establish the "barest prima facie case." Dickerson, 811 So.2d at 746 (quoting State v. Hunwick, 446 So.2d 214, 215 (Fla. 4th DCA 1984)). In doing so, the State may rely on circumstantial evidence. Dickerson, 811 So.2d at 746. In addition, the State is entitled to the most favorable construction of the evidence, and all inferences arising from the facts contained in both the motion to dismiss and the traverse must be resolved in favor of the State and against the defendant. Id.; Ortiz, 766 So.2d at 1142.
When considering the State's traverse, the trial court is not permitted to make factual determinations or to weigh the State's evidence. Ortiz, 766 So.2d at 1142. Thus, a trial court cannot dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal at trial. State v. Jaramillo, 951 So.2d 97, 99 (Fla. 2d DCA 2007); State v. Burrell, 819 So.2d 181, 182 (Fla. 2d DCA 2002); Dickerson, 811 So.2d at 747; State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999). Instead, *868 if the State in good faith disputes any material fact, denial of the motion to dismiss is mandatory. Kalogeropolous, 758 So.2d at 112.
Here, the trial court's decision to grant Gay's motion was incorrect for three reasons. First, there were clearly issues of material fact that were in dispute. Gay's motion to dismiss alleged that there had been no cocaine on the center console when he got out of the vehicle. However, the State specifically denied this alleged fact in its sworn traverse. On the basis of this factual dispute alone, the trial court should have denied Gay's motion. Kalogeropolous, 758 So.2d at 112.
Second, the State's traverse alleged sufficient additional facts to establish a prima facie case of possession. The State was proceeding against Gay on a theory of constructive possession. In order to prove constructive possession, the State had to prove that Gay had dominion and control over the cocaine and that he had knowledge of its presence. Brown v. State, 428 So.2d 250 (Fla.1983); State v. Snyder, 635 So.2d 1057, 1058 (Fla. 2d DCA 1994); State v. Reese, 774 So.2d 948, 949 (Fla. 5th DCA 2001).
Gay's motion alleged that the State could not prove that he had dominion and control over the cocaine. In response, the State alleged that Gay was the registered owner and driver of the vehicle and that both passengers had denied knowledge or possession of the cocaine. The State also alleged that the location where the cocaine was found was within reach of all of the occupants of the vehicle, including Gay. When contraband is found in plain view in a vehicle, dominion and control may be inferred from the ability to exercise control over the vehicle in which the contraband is found. Fedor v. State, 483 So.2d 42, 43 (Fla. 2d DCA 1986) (noting that possession and control could be inferred from the fact that Fedor was the owner and driver of the vehicle in which marijuana was found in plain view). This inference is particularly appropriate when the trial court is considering a motion to dismiss. Reese, 774 So.2d at 950 ("As a joint occupant alone in close proximity to contraband in plain view, the State is entitled on a motion to dismiss to the inference that Reese had dominion and control over the contraband."). Here, Gay was the registered owner and the driver of the vehicle, and the cocaine was found in plain view in close proximity to the driver's seat. On these facts at the motion to dismiss stage, the State was entitled to the inference that Gay had dominion and control over the contraband. Fedor, 483 So.2d at 43.
Gay's motion also alleged that the State failed to establish that he had knowledge of the presence of the cocaine. However, as a general proposition, "the issue of knowledge, as an element of constructive possession, is an ultimate question which a jury must decide on factual inferences; it is not subject to a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4)." State v. Duran, 550 So.2d 45, 46 (Fla. 3d DCA 1989) (internal citations omitted). Knowledge may be inferred from evidence of incriminating statements, actions, or circumstances that tend to show that the defendant was aware of the presence of the contraband. Fedor, 483 So.2d at 43.
Here, the State's traverse asserts that when Gay was stopped, he immediately got out of the car and began emptying his pockets onto the roof of the car. While not directly incriminating, Gay's actions could be construed as an attempt to avoid inspection of the interior of his vehicle by appearing to be overly cooperative with the officer. Given these allegations in the State's traverse, the issue of Gay's knowledge *869 of the contraband should have survived Gay's motion to dismiss.
Third, the trial court appears to have applied the improper legal standard when considering Gay's motion. As noted above, the question at the motion to dismiss stage is not whether the State can obtain a conviction or even if the State can survive a motion for judgment of acquittal. Instead, the question is whether there are disputed facts and whether the undisputed facts establish a prima facie case. Kalogeropolous, 758 So.2d at 112; Dickerson, 811 So.2d at 747 ("[E]ven if the trial court doubts the sufficiency of the State's evidence, it cannot grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal.") (quoting Paleveda, 745 So.2d at 1027). Here, the trial court twice expressed its belief that the State's evidence, as gleaned from Gay's motion and as set forth in the traverse, would not be sufficient to survive a motion for judgment of acquittal. However, because the State disputed Gay's facts in its traverse and alleged additional facts that could establish a prima facie case, the trial court's focus on the weight of the State's evidence was misplaced.
Because the State's traverse specifically disputed the factual allegations in Gay's motion to dismiss and because the State alleged additional facts that gave rise to inferences that would support a finding of constructive possession, the trial court should have denied Gay's motion to dismiss. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
DAVIS, J., and HARRIS, CHARLES M., Associate Senior Judge, Concur.