DAVIS, Judge.
Jeffrey Steven Browder challenges his judgments and sentences for one count of possession of a concealed weapon by a convicted felon and one count of obstructing or opposing an officer without violence. Browder pleaded guilty to the charges, specifically reserving his right to challenge the denial of his dispositive motion to dis *151 miss the concealed weapon count. We reverse that conviction.
Browder, a convicted felon, was charged with carrying a concealed weapon — a folding knife — in violation of section 790.23(1), Florida Statutes (2008). Brow-der filed a motion to dismiss the charge pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging that the knife he was carrying was a “common pocket knife” and thus legally exempt from the statutory definition of a weapon found in section 790.001(13). Browder’s undisputed assertions below that the blade of his knife was less than four inches long and that at the time of his arrest the knife was closed support his claim that the trial court should have granted his motion to dismiss the concealed weapon charge. See generally L.B. v. State, 700 So.2d 370, 372 (Fla.1997) (“[W]e can infer that the legislature’s intended definition of ‘common pocketknife’ [i]s: ‘A type of knife occurring frequently in the community which has a blade that folds into the handle and that can be carried in one’s pocket.’ ”). “[T]he question at the motion to dismiss stage is not whether the State can obtain a conviction or even if the State can survive a motion for judgment of acquittal. Instead, the question is whether there are disputed facts and whether the undisputed facts establish a prima facie case.” State v. Gay, 960 So.2d 864, 869 (Fla. 2d DCA 2007).
In his motion, Browder cited J.R.P. v. State, 979 So.2d 1178 (Fla. 3d DCA 2008). In that case, the Third District reversed the denial of a motion to dismiss a charge of carrying a concealed weapon, concluding that a knife that is folded closed and has a blade that is less than four inches long is a common pocketknife that does not satisfy the statutory definition of a weapon. At the hearing on Browder’s motion, the State presented no argument to contradict either the facts of the case or law presented by Browder. Additionally, there is nothing in the record to indicate that the State filed any written traverse to the motion or presented any additional facts that would bring the knife outside the definition of a common pocketknife.[1]
Because the State failed to meet its burden to present any disputed or additional facts to weigh in determining whether the knife was a common pocketknife, we conclude that no genuine issue of material fact was before the trial court and that the motion to dismiss should have been granted. See State v. Taylor, 16 So.3d 997, 998 (Fla. 5th DCA 2009) (“[A] motion to dismiss on the ground that there are no material disputed facts and that the undisputed facts fail to establish a prima facie case of guilt must be denied by the trial court if the State files a traverse that ‘with specificity’ denies under oath a material fact alleged in the motion. A general, conclusory[,] or speculative response by the prosecution in its traverse ... is insufficient and constitutes an admission of the facts in question.” (citation omitted)); see also State v. Lewis, 463 So.2d 561, 563 (Fla. 2d DCA 1985) (“In considering a(c)(4) motion the trial judge may not try or determine factual issues ... in determining whether there exists a genuine issue of material fact.”). Accordingly, we reverse *152 only Browder’s conviction for possession of a concealed weapon by a convicted felon and remand for the trial court to enter an order granting Browder’s motion to dismiss and an amended judgment and sentence reflecting the dismissal of that count. We affirm in all other respects.
Affirmed in part; reversed and remanded in part.
MORRIS, J., and FULMER, CAROLYN K., Senior Judge, Concur.

. At an earlier hearing held before the knife or a photocopy of it were made available to the trial court, the trial judge indicated that if the blade was less than four inches long, he would be inclined to grant the motion to dismiss. In response, the State indicated its intent to investigate and report to the court whether any additional facts or circumstances about this knife would bring it outside the common pocketknife exception to the statutory definition of a weapon. There is no indication in the record that the results of this anticipated investigation were ever brought before the trial court.