ORFINGER, J.
 

 Following his conviction entered pursuant to a plea of nolo contendere, David L. Lowe timely appeals the order denying his motion to dismiss the information charging him with lewd or lascivious exhibition. Lowe argues on appeal that his actions were not encompassed within the statute’s definition of “sexual activity.” For the reasons that follow, we conclude that the motion to dismiss should have been granted and reverse Lowe’s conviction.
 

 The facts are not in dispute. Lowe was sitting in his truck in the parking lot of a convenience store when a vehicle occupied by a seven-year-old child and the child’s mother and grandmother pulled into the parking space next to Lowe’s truck. The child’s mother left the vehicle and walked into the store. As the child’s mother was returning from the store, she observed Lowe place a dildo
 
 [1]
 
 into his mouth. As she approached the vehicle, she saw Lowe wave the dildo in view of another woman and again put the object into his mouth. The child also saw Lowe waving the dildo around and putting it into his mouth, and immediately questioned her mother and grandmother about Lowe’s actions. The mother called the police, who stopped Lowe as he was leaving the parking lot. The dildo was found in Lowe’s truck.
 

 The State charged Lowe with lewd or lascivious exhibition in violation of section 800.04(7)(a), Florida Statutes (2009). Lowe moved to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190, claiming that his acts did not violate the statute. The State, while
 
 *791
 
 agreeing that the material facts were not in dispute, argued that Lowe violated section 800.04(7)(a)3. when he simulated sexual activity by placing the anatomieally-cor-rect dildo into his mouth in the presence of the seven-year-old child. After the trial court denied his motion to dismiss, Lowe entered a nolo contendere plea specifically reserving his right to appeal the denial of his motion, which the State agreed was dispositive.
 

 A motion to dismiss an information pursuant to rule 3.190(c)(4) functions to “ascertain whether the undisputed facts which the State will rely on to prove its case, establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged.”
 
 State v. Walthour,
 
 876 So.2d 594, 595 (Fla. 5th DCA 2004). Because this appeal involves a matter of law, the standard of review is de novo.
 
 Id.
 
 A rule 3.190(c)(4) motion is similar to a motion for summary judgment in a civil trial.
 
 State v. Santiago,
 
 938 So.2d 603, 605 (Fla. 4th DCA 2006). The court decides the motion solely based on the undisputed facts, and in considering the evidence, the court must draw all inferences in favor of the State and against the defendant.
 
 Id.
 

 [2]
 

 Section 800.04, Florida Statutes (2009), proscribes lewd or lascivious offenses committed on or in the presence of persons less than sixteen years of age. Lowe was charged under section 800.04(7)(a)3., which prohibits lewd or lascivious exhibition, and provides, in pertinent part, that:
 

 (a) a person who:
 

 [[Image here]]
 

 3. intentionally commits any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or
 
 the simulation of any act involving sexual activity
 
 in the presence of a victim who is less than 16 years of age, commits lewd or lascivious exhibition.
 

 (Emphasis added). Section 800.04(l)(a) defines the term “sexual activity” as “the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.”
 

 “[I]t is the Court’s purpose to effectuate legislative intent” when interpreting a statute.
 
 Polite v. State,
 
 973 So.2d 1107, 1111 (Fla.2007). First, the court must look to the actual language used in the statute, and if the plain meaning is clear and unambiguous, the court need not employ different methods of statutory construction.
 
 Id.
 
 But, when a statute’s language is unclear or ambiguous, the court should apply rules of statutory construction in order to effectuate the legislative intent.
 
 Id.
 
 And, the principle of lenity states that criminal statutes shall be strictly construed, and when the language of a statute is susceptible of differing constructions, it must be construed most favorably to the accused. § 775.021, Fla. Stat. (2009).
 

 Lowe contends that his conduct, while offensive, does not violate the clear lan
 
 *792
 
 guage of section 800.04(7)(a). Lowe was charged specifically with simulating an act involving sexual activity, and contends that the definition of sexual activity contained in the statute does not prohibit his conduct. The Legislature defined “sexual activity” within the statute in section 800.04(l)(a), and Lowe highlights that only “the anal or vaginal penetration of another by an object” constitutes sexual activity. As Lowe points out, the definition of sexual activity does not include oral penetration with an object. Because a dildo is an object, whether or not it resembles a sexual organ, Lowe argues that the penetration of one’s mouth with an object does not violate the statute.
 

 Section 800.04(7)(a)3. prohibits “simulation of any act involving sexual activity.” The statute defines “sexual activity” as “the oral, anal, or vaginal penetration by, or union with, the sexual organ of another....” Neither party contends that oral penetration or union with the sexual organ of another occurred in this case. However, the State argues that Lowe’s actions simulated oral penetration by, or union with, the sexual organ of another. Although Lowe simulated the act of oral sex, he did not simulate the act of oral sex with the sexual organ of “another.” The dildo was not near “another” person’s genitalia. Lowe’s actions did not infer that he was simulating oral sex with another person; it was apparent he was simulating oral sex with an object. His actions, though clearly rude and offensive, do not violate the express terns of the statute.
 

 Section 800.04(l)(a) further defines sexual activity with an object as “the anal or vaginal penetration of another by any other object....” It is undisputed that Lowe placed the dildo, an object, into his own mouth. No anal nor vaginal penetration of another with an object occurred. Nor did a simulation of anal or vaginal penetration with an object occur. A plain reading of the statute reveals that oral penetration of one’s own mouth with an object does not constitute an act of sexual activity. Because section 800.04(7)(a)3. prohibits only the simulation of any act involving sexual activity, and the statute’s definition of sexual activity does not include the simulation of oral sex with an object, Lowe’s action did not constitute lewd or lascivious exhibition as defined under section 800.04(7)(a)3.
 

 For these reasons, we reverse the trial court’s denial of Lowe’s motion to dismiss and remand the case for discharge.
 

 REVERSED AND REMANDED.
 

 TORPY and JACOBUS, JJ., concur.
 

 [1]
 

 . A dildo is "an object resembling a penis used for sexual stimulation.” Merriam-Webster Online Dictionary (2010), available at www.merriam-webster.com/dictionary/dildo.
 

 [2]
 

 . The State may file a traverse, or demurrer, pursuant to rule 3.190(d), which may either “specifically dispute the defendant’s material facts or allege additional material facts that are sufficient to establish a prima facie case.”
 
 State v. Gay,
 
 960 So.2d 864, 867 (Fla. 2d DCA 2007) (citing
 
 State v. Kalogeropolous,
 
 758 So.2d 110, 111 (Fla.2000)). In its traverse, the State need only adduce evidence sufficient to establish the barest prima facie case; the State need not put forth evidence sufficient to support a conviction.
 
 Id.
 
 (citing
 
 State v. Dickerson,
 
 811 So.2d 744, 746 (Fla. 2d DCA 2002)). If the State disputes any material fact, the court must deny the motion to dismiss.
 
 Id.
 
 at 868 (citing
 
 Kalogeropolous,
 
 758 So.2d at 112).