EVANDER, J.
 

 The State appeals from an order dismissing, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), an information charging Lucson Carry with possession of more than twenty grams of cannabis. Our standard of review is de novo.
 
 State v. Lebron,
 
 954 So.2d 52, 54 (Fla. 5th DCA 2007). Because the State presented sufficient evidence to establish a prima facie case, we reverse.
 

 The facts, taken in the light most favorable to the State, establish the following sequence of events. On July 2, 2010, Deputies Kleinfelt and Pellegrino observed a vehicle traveling in an area known for narcotics and criminal activity. Carry was driving the automobile, but was not the registered owner. Neither Carry nor the front seat passenger was wearing a seat-belt. As a result, the deputies stopped the vehicle. When the car’s windows were rolled down, Deputy Kleinfelt detected an extremely strong odor of fresh marijuana coming from inside the vehicle. Carry was advised of the reason for the stop and, upon request, produced his driver’s license. He also provided Deputy Kleinfelt with his concealed weapons permit after advising the deputy that he was in possession of a firearm.
 

 Deputy Kleinfelt then ordered the four male occupants to exit the vehicle. During the ensuing search of the interior of the automobile, two firearms were discovered (one in the passenger compartment and one in the center console between the driver and passenger seat). Deputy Kleinfelt then began to search the occupants of the vehicle for firearms and contraband, at which time one former occupant of the rear seat unsuccessfully attempted to flee. The search of the occupants revealed that one of the passengers was in possession of approximately $2000 in cash; however, no illegal drugs or weapons were discovered on them.
 

 Because the smell of cannabis appeared to be stronger toward the rear of the vehicle, Deputy Kleinfelt then used a key from the keychain in the ignition to open the trunk. There, he discovered an open garbage bag containing approximately three pounds of cannabis. None of the automobile’s occupants made a statement regarding ownership or knowledge of the cannabis.
 

 On July 29, 2010, Carry was charged by information with possession of more than twenty grams of cannabis. Subsequently, Carry filed his motion to dismiss, alleging that based on the undisputed facts, the State could not establish constructive possession. The trial court granted the motion after concluding that the odor of marijuana was insufficient to establish that Carry had knowledge of the presence of cannabis in the trunk.
 

 Rule 3.190(c)(4) allows a defendant to seek dismissal of a criminal charge where there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. Thus, the burden is on the defendant to show that the undisputed facts either (1) fail to establish a prima facie case, or (2) establish a valid defense.
 
 *805
 

 State v. Reese,
 
 774 So.2d 948, 949 (Fla. 5th DCA 2001). In considering such a motion, the state is entitled to the most favorable construction of the evidence and all inferences arising therefrom.
 
 Lebron,
 
 954 So.2d at 54;
 
 see also State v. Gay,
 
 960 So.2d 864, 867 (Fla. 2d DCA 2007);
 
 State v. Bonebright,
 
 742 So.2d 290, 291 (Fla. 1st DCA 1998).
 

 Significantly, the state is not obligated, as it would be to defeat a motion for judgment of acquittal, to produce evidence sufficient to sustain a conviction.
 
 See Gay,
 
 960 So.2d at 867;
 
 Lebron,
 
 954 So.2d at 56;
 
 State v. Paleveda, 745
 
 So.2d 1026, 1027 (Fla. 2d DCA 1999);
 
 Bonebright,
 
 742 So.2d at 291. To sustain a conviction, the state must present competent substantial evidence such that, when the evidence is viewed in the light most favorable to the state, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt.
 
 Delgado v. State,
 
 71 So.3d 54, 65-66 (Fla.2011);
 
 see also Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). By contrast, in the instant case, the State was only required to produce sufficient evidence to show a prima facie case in order to defeat Carry’s motion to dismiss.
 

 Because there was no evidence that Carry was in actual possession of cannabis, the State was proceeding on a constructive possession theory. In order to establish constructive possession, the State must prove that Carry had dominion and control over the cannabis and that he had knowledge of its presence.
 
 State v. Odom,
 
 56 So.3d 46, 50 (Fla. 5th DCA 2011);
 
 see also Gay,
 
 960 So.2d at 868.
 

 Based on the fact that Carry was the driver of the vehicle, was the owner of the firearms located in the car, and had possession of the key to the trunk, the State was entitled to the inference that Carry had dominion and control over the contraband.
 
 Gay,
 
 960 So.2d at 868. With regard to the knowledge element, it has been found that because knowledge in a possession case is a question of fact, that element is generally not a proper consideration on a motion to dismiss.
 
 See Gay,
 
 960 So.2d at 868;
 
 Paleveda,
 
 745 So.2d at 1028. Furthermore, given Deputy Kleinfelt’s testimony that he had detected an extremely strong odor of cannabis emanating from the vehicle (particularly toward the rear of the vehicle), the State was entitled to the inference that Carry had knowledge of the marijuana’s presence.
 

 The undisputed evidence in this case was sufficient to establish a prima facie case of possession of more than twenty grams of cannabis against Carry. Accordingly, the trial court should have denied the motion to dismiss.
 

 REVERSED and REMANDED.
 

 ORFINGER, C.J. and MONACO, J., concur.