NORTHCUTT, Judge.
A jury convicted Jesus Perez of arson of a dwelling, § 806.01(l)(a), Fla. Stat. (2009), and burning to defraud an insurer, § 817.233, Fla. Stat. (2009). Perez had moved for judgment of acquittal on both charges. We agree that the evidence in this case was insufficient to prove that Perez set the fire. We reverse both his convictions and remand for the circuit court to discharge him. We need not address Perez’s other argument that the trial judge erred in admitting hearsay evidence.
Perez’s house caught fire on a June afternoon in 2009. A neighbor who was outside working on his truck that day heard Perez call out asking him to telephone 911. The neighbor observed smoke billowing from Perez’s home and saw Perez entering the residence through the front door. The fire department arrived and put out the blaze.
A local fire investigator saw no signs of forced entry into the house. He documented damage from smoke and soot in various locations, but he noted that the kitchen sustained the most damage. He believed the fire had started there, near but not on the rear left burner of the stove.
Eduardo Blanco, a criminal investigator with the state fire marshal’s office, arrived later in the afternoon and interviewed Perez. Perez told Blanco he had fried eggs and potatoes around 10:30 that morning. He then left to visit his cousin. They watched a movie and then Perez returned home. Perez said he walked through his front door and discovered the house was filled with smoke. He went out through the back sliding glass doors, grabbed a *170 garden hose and attempted to extinguish the flames. When that effort failed, he asked his neighbor to call 911.
Blanco determined that the heat source of the fire was the burner on the stove. But he posited that a normal kitchen fire originating from a pan left on the stove would have burned itself out and would not have caused the extensive damage seen in Perez’s house. Blanco gathered debris samples from the scene and sent them to a laboratory for analysis. One sample tested positive for gasoline. But a control sample included in the same test was also found to contain gasoline, suggesting that both samples became contaminated in the course of the testing itself. Indeed, Perez’s expert testified that the entire analysis had been tainted.
Although the evidence was far from certain on the issue, for purposes of appeal Perez does not challenge the State’s proof that the fire was caused by arson. His point is that the State offered no evidence, direct or circumstantial, that Perez was the arsonist. The only testimony it offered concerning Perez’s whereabouts around the time of the fire came from the neighbor who called 911. He testified that he was not paying attention to Perez’s comings or goings because he was busy working on his truck. Thus, he did not know whether Perez left his house that day. He did not remember seeing Perez’s van, and he could not remember whether the van was in the driveway or not.
No one took samples from Perez’s clothes or person on the day of the fire to determine whether he had been in contact with gasoline or some other accelerant. No proof was offered that the house was locked, which might have prevented someone other than Perez from entering the residence. The local fire investigator testified that when he suspects arson he checks to see if valuables such as pictures,
TVs, stereos, or other expensive items have been removed from the burned building. He conceded that all these items were present in Perez’s home and that it looked “lived in.” Cf. State v. Bonebright, 742 So.2d 290, 292 (Fla. 1st DCA 1998) (discussing circumstantial evidence that pointed to the defendant as the arsonist and noting that he took his possessions from the apartment before the fire began).
We apply the de novo standard when reviewing the denial of a motion for judgment of acquittal. See Pagan v. State, 830 So.2d 792, 803 (Fla.2002). As mentioned, the State presented no direct evidence of Perez’s guilt. And as we stated in Moberly v. State, 562 So.2d 773, 775 (Fla. 2d DCA 1990), if the circumstantial evidence furnishes only a suspicion of guilt, it is insufficient to prove arson. The evidence must be of a conclusive nature leading to a reasonable certainty that the defendant, not anyone else, committed the arson. Id.; see also Cox v. State, 555 So.2d 352, 353 (Fla.1989). As in Moberly, the circumstantial evidence here was woefully insufficient to prove that Perez started the fire. The sum and substance of the State’s case was simply that the fire was in Perez’s home. His convictions for both arson and burning to defraud an insurer cannot stand.
Reversed and remanded with directions to discharge Perez.
WALLACE and MORRIS, JJ., Concur.