# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1749

_____

STATE OF FLORIDA,

    Appellant,

    v.

CURTIS SEARLES,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

January 25, 2019

PER CURIAM.

The State appeals an order granting the motion to dismiss two counts of drug possession that was filed by Appellee, Curtis Searles. The State argues on appeal that the trial court improperly considered matters that were not appropriate when ruling on a motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), such as the element of knowledge, the issues of direct versus circumstantial evidence, and hypotheses of innocence. Although we agree,[*] the State failed to make this

_____

[*] As we have explained, a motion to dismiss an information pursuant to rule 3.190(c)(4) is analogous to a motion for summary judgment in a civil case. *State v. Bonebright*, 742 So. 2d 290, 291 (Fla. 1st DCA 1998). The State is not obligated to produce

specific argument below, a fact which it acknowledges in its reply brief. As such, the argument was not preserved for appeal. *See Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) (noting that in order for an issue to be cognizable on appeal, it must be the specific contention asserted below as the legal ground for the objection, exception, or motion). We also conclude that the State invited any error on the trial court's part in analyzing Appellee's motion to dismiss in the context of cases involving motions for judgment of acquittal. The State presented to the trial court the case of *Knight v. State*, 186 So. 3d 1005 (Fla. 2016), wherein the supreme court discussed when the circumstantial evidence standard of review is to be used when ruling on motions for judgment of acquittal, and it participated in the discussion regarding *Knight* and other cases

---

sufficient evidence to sustain a conviction. *Id.* "'As long as the State shows the barest prima facie case, it should not be prevented from prosecuting.'" *Id.* (citation omitted); *see also State v. Carry*, 75 So. 3d 803, 805 (Fla. 5th DCA 2011) (noting that the State, when faced with a motion to dismiss, is not obligated to produce evidence sufficient to sustain a conviction such as in the case of a motion for judgment of acquittal); *State v. Yarn*, 63 So. 3d 82, 86 (Fla. 2d DCA 2011) (noting that while the appellee relied upon cases presenting factual situations similar to his, the cases involved the review of a denial of a motion for judgment of acquittal, that the standard used in such cases was inapplicable to the issue of whether the State's evidence was sufficient to overcome a motion to dismiss, and that "this significant factual distinction renders the rulings [in the cases relied upon by the appellee] immaterial to the resolution of this case"); *State v. Cadore*, 59 So. 3d 1200, 1203 (Fla. 2d DCA 2011) (noting that even if circumstantial evidence is not sufficient to convict a defendant, that does not mean that the evidence cannot establish a prima facie case sufficient to withstand a motion to dismiss and that even if a trial court doubts the sufficiency of the State's evidence, it cannot grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal); *State v. Gay*, 960 So. 2d 864, 866 (Fla. 2d DCA 2007) (noting that the trial court appeared to have applied the standard for deciding a motion for judgment of acquittal instead of the standard for ruling on a motion to dismiss).

involving such motions. *See Flowers v. State*, 149 So. 3d 1206, 1207 (Fla. 1st DCA 2014) (noting that under the invited error doctrine, a party may not invite or make error in the trial court and then take advantage of the error on appeal).

Accordingly, we affirm.

AFFIRMED.

LEWIS and WETHERELL, JJ., concur; WOLF, J. dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

WOLF, J., dissenting.

There was sufficient prima facie evidence to withstand a motion to dismiss. *Knight v. State*, 186 So. 3d 1005 (Fla. 2016). This issue was sufficiently presented both to this court and the trial court. I would, therefore, reverse.

_____

Ashley B. Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellant.

Andy Thomas, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.